# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

0 4 - 1 2 6 6 8 RGS

MAGISTRATE JUDGE RBC

| | |
|---|---|
| REEBOK INTERNATIONAL LTD., a Massachusetts corporation, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| WAL-MART STORES, INC., a Delaware corporation | |
| Defendant. | |

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. tom
DATE 12 12 04

## COMPLAINT AND JURY DEMAND

Plaintiff, REEBOK INTERNATIONAL LTD., by its undersigned counsel, alleges as follows:

### Statement of Jurisdiction and Venue

1.     This is an action seeking redress for patent infringement under the United States Patent Laws, 35 U.S.C. § 271, et seq., for infringement of U.S. Patent No. Des. 495,127. Exclusive jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under the patent laws of the United States.

2.     Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(c) and 1400 (b).

Parties

3.       Plaintiff, Reebok International Ltd., (hereinafter "Reebok"), is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business at 1895 J.W. Foster Boulevard, Canton, Massachusetts 02021.

4.       Upon information and belief, Defendant, Wal-Mart Stores, Inc. (hereinafter Wal-Mart), is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716.

Claim

5.       Reebok is the owner by assignment of United States Patent No. Des. 495,127 (hereinafter "the '127 patent") for "Portion of a Midsole," issued on August 31, 2004 by the United States Patent and Trademark Office from U.S. Design Patent Application No. 29/203,335, which is a divisional application of U.S. Utility Patent Application No. 10/607,541. A copy of the '127 patent is annexed hereto as Exhibit A.

6.       The inventors of the '127 patent, William Marvin and Brian Christensen, assigned all right, title and interest in the '127 patent to Reebok International Ltd., which Assignment was recorded in the United States Patent and Trademark Office on February 23, 2004, at Reel 014355, Frame 0165. A copy of the recorded Assignment is annexed hereto as Exhibit B.

7.       Upon information and belief, Wal-Mart has made, used, sold, offered for sale and/or imported shoes in the United States and continues to make, use, sell, offer for sale and/or import shoes in the United States, including men's, women's and children's shoes sold under the STARTER brand name having the model name "Oxide" (hereinafter "the Oxide shoe"), that

infringe Reebok's '127 Patent. Photocopies of photographs of men's, women's and children's versions of the Oxide shoe sold by Wal-Mart are annexed hereto as Exhibit C, Exhibit D and Exhibit E, respectively.

8.      The manufacture, use, sale, offer for sale and/or importation into the United States of the Oxide shoe as shown in Exhibits C-E constitute infringement of the '127 Patent

9.      Wal-Mart, by making, using, selling, offering for sale and/or importing the Oxide shoe in this judicial district and elsewhere throughout the United States, has infringed and likely will continue to infringe the '127 Patent.

10.      Wal-Mart's infringement of the '127 Patent has caused and will continue to cause Reebok irreparable harm unless restrained by this Court. Reebok has no adequate remedy at law.

11.      Wal-Mart's infringement of the '127 Patent has been willful.

### Prayer for Relief

WHEREFORE, Reebok requests that this Court:

I.      Enter judgment declaring that Wal-Mart has infringed U.S. Patent No. Des. 495,127.

II.      Enter a preliminary and permanent injunction enjoining Wal-Mart and its affiliates, subsidiaries, officers, agents, employees, representatives, privies, successors, assigns and all those acting directly for it or on its behalf, or acting in concert with it directly or indirectly, from making, using, selling, offering for sale or importing any goods, including the Oxide shoe, which infringe U.S. Patent No. Des. 495,127.

3

III.    Award damages requiring Wal-Mart to account for and pay to Reebok all damages caused by reason of its infringements of U.S. Patent No. Des. 495,127, including Wal-Mart's total profit pursuant to 35 U.S.C. § 289, or other compensation, including an increase in the damages up to three times the amount found or assessed, pursuant to 35 U.S.C. §284, or both.

IV.    Enter judgment pursuant to 35 U.S.C. § 285 making this case exceptional and awarding Reebok their attorney's fees, costs, and expenses.

V.    Order that all footwear in Wal-Mart's possession or control (including the Oxide shoes) which infringe U.S. Patent No. Des. 495,127 to be delivered up to Reebok for destruction or other disposition at Reebok's sole discretion, and that Wal-Mart be ordered to notify its customers that the Oxide shoe was in no way connected with Reebok but was marketed as an imitation of Reebok's DMX® REFLEX shoe model, that such customers should return all Oxide shoes to Wal-Mart and that the Oxide shoes shall be delivered up to Reebok for destruction or other disposition at Reebok's sole discretion.

VI.    Enter judgment requiring Wal-Mart to file with the Court and serve upon Reebok's counsel within 30 days after entry of judgment in this matter a report in writing, under oath, setting forth in detail the manner and form in which Wal-Mart has complied with said judgment, and the manner and form it will employ in the future to ensure that products made, used or sold by Wal-Mart will not infringe U.S. Patent No. Des. 495,127.

VII.    Award such other and further relief as may be just and proper under the circumstances.

## JURY DEMAND

Reebok demands a trial by jury on all claims so triable.


Respectfully submitted,

REEBOK INTERNATIONAL LTD.

By its attorneys,

Victoria L. Walton

Shepard Davidson (BBO #557082)
Victoria L. Walton (BBO #650999)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000
Facsimile: 617-345-3299

David K.S. Cornwell (*pro hac vice*)
Donald R. Banowit (*pro hac vice*)
Rae Lynn P. Guest (*pro hac vice*)
STERNE KESSLER GOLDSTEIN & FOX, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: 202-371-2600
Facsimile: 202-371-2540

Dated: December ___, 2004

00893733

5

# EXHIBIT A

(12) **United States Design Patent**    (10) Patent No.:    **US D495,127 S**
Marvin et al.    (45) Date of Patent:    ✱✱ **Aug. 31, 2004**

(54) **PORTION OF A MIDSOLE**

(75) Inventors: **William Marvin**, Brighton, MA (US);
**Brian Christensen**, Centerville, MA (US)

(73) Assignee: **Reebok International Ltd.**, Canton, MA (US)

(✱✱) Term: **14 Years**

(21) Appl. No.: **29/203,335**

(22) Filed: **Apr. 14, 2004**

**Related U.S. Application Data**

(62) Division of application No. 10/607,541, filed on Jun. 27, 2003.

(51) **LOC (7) Cl.** .................................................. **02-99**

(52) **U.S. Cl.** ........................................................ **D2/972**

(58) **Field of Search** .......................... D2/902, 907, 908, D2/943, 944, 969, 972–974, 964–967; 36/45, 50.1, 77 M, 77 R, 83, 88, 113, 114, 126–130

(56)    **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 1,081,442 A | | 12/1913 | Geiger |
| D93,966 S | | 12/1934 | Bressler |
| D95,767 S | ✱ | 5/1935 | Marks .......................... D2/965 |
| 2,048,683 A | | 7/1936 | Brockman |
| D112,267 S | ✱ | 11/1938 | Court ........................... D2/965 |
| D125,773 S | | 3/1941 | Macauley |
| 3,777,374 A | | 12/1973 | Hendricks |
| D261,446 S | ✱ | 10/1981 | Schmohl ..................... D2/907 |
| 4,641,438 A | | 2/1987 | Laird et al. |
| D290,542 S | ✱ | 6/1987 | O'Rourke ................... D2/907 |
| 4,680,876 A | | 7/1987 | Peng |
| 4,736,531 A | | 4/1988 | Richard |
| D295,459 S | | 5/1988 | Zuidema et al. |
| D295,691 S | | 5/1988 | Zuidema et al. |
| D295,692 S | | 5/1988 | Zuidema et al. |
| D296,384 S | | 6/1988 | Tong |
| 4,760,651 A | | 8/1988 | Pon-Tzu |
| 4,823,482 A | | 4/1989 | Lakic |
| D301,659 S | | 6/1989 | Le |
| D302,352 S | | 7/1989 | Austin |

| | | | |
|---|---|---|---|
| D303,451 S | ✱ | 9/1989 | Weiner .......................... D2/908 |
| 4,887,367 A | | 12/1989 | Mackness et al. |
| 4,918,838 A | | 4/1990 | Chang |
| 4,936,030 A | | 6/1990 | Rennex |
| D316,773 S | | 5/1991 | Valle |
| 5,014,449 A | | 5/1991 | Richard et al. |
| D319,337 S | | 8/1991 | Hatfield |
| D320,303 S | | 10/1991 | Kiyosawa |
| D322,153 S | | 12/1991 | Schneider et al. |
| D323,577 S | | 2/1992 | Kayano |
| D324,940 S | | 3/1992 | Claveria |
| D325,288 S | | 4/1992 | Richard et al. |
| D326,355 S | | 5/1992 | Cotsidas |
| D327,770 S | | 7/1992 | Prats et al. |
| 5,181,873 A | | 1/1993 | Tolbert |
| D334,463 S | | 4/1993 | Chang |
| D334,833 S | | 4/1993 | Blissett |
| 5,224,277 A | | 7/1993 | Sang Do |
| D341,708 S | | 11/1993 | Blissett |
| D344,401 S | | 2/1994 | Kilgore |

(List continued on next page.)

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EP | 0 299 669 B1 | 12/1993 |
| FR | 2 563 979 | 5/1984 |
| GB | 2 244 200 A | 11/1991 |

OTHER PUBLICATIONS

Shoes, A Lexicon of Style by Valerie Steel; Rizzoli, 1999; p. 18, Ferragamo layered heel.✱

*Primary Examiner*—Dominic Simone
(74) *Attorney, Agent, or Firm*—Sterne, Kessler, Goldstein & Fox P.L.L.C.

(57)    **CLAIM**

The ornamental design for a portion of a midsole, as shown and described.

**DESCRIPTION**

FIG. 1 is a side view of a portion of a midsole showing our new design; and,
FIG. 2 is a cross sectional view thereof taken along line 2—2.
The broken line is environmental only and forms no part of the claimed design.

**1 Claim, 2 Drawing Sheets**





**US D495,127 S**
Page 2

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D350,018 S | | 8/1994 | Kilgore |
| D350,019 S | | 8/1994 | Kilgore |
| D350,020 S | | 8/1994 | Kilgore |
| D350,225 S | | 9/1994 | Kilgore |
| D350,227 S | | 9/1994 | Kilgore |
| D350,433 S | | 9/1994 | Kilgore |
| 5,343,639 A | | 9/1994 | Kilgore et al. |
| D351,057 S | | 10/1994 | Kilgore |
| D351,720 S | | 10/1994 | Kilgore |
| 5,353,523 A | | 10/1994 | Kilgore et al. |
| D351,936 S | | 11/1994 | Kilgore |
| D352,155 S | | 11/1994 | Merceron |
| D352,157 S | | 11/1994 | Merceron |
| D352,159 S | | 11/1994 | Kilgore |
| D352,160 S | | 11/1994 | Kilgore |
| 5,367,792 A | | 11/1994 | Richard et al. |
| D354,617 S | * | 1/1995 | Kilgore ....................... D2/964 |
| 5,502,901 A | | 4/1996 | Brown |
| 5,505,010 A | | 4/1996 | Fukuoka |
| 5,595,002 A | | 1/1997 | Slepian et al. |
| D377,859 S | | 2/1997 | Bramani |
| 5,607,749 A | | 3/1997 | Strumor |
| 5,621,984 A | | 4/1997 | Hsieh |
| 5,625,966 A | | 5/1997 | Perotto et al. |
| D379,864 S | | 6/1997 | Kayano |
| D384,192 S | | 9/1997 | Hsieh |
| D388,241 S | | 12/1997 | Merceron |
| D404,896 S | * | 2/1999 | Cooper ........................ D2/972 |
| 5,901,467 A | | 5/1999 | Peterson et al. |
| 5,975,861 A | | 11/1999 | Shin et al. |
| 6,282,814 B1 | | 9/2001 | Krafsur et al. |
| 6,519,873 B1 | | 2/2003 | Buttigieg |
| D485,053 S | * | 1/2004 | McDowell ................... D2/972 |
| 2001/0049888 A1 | | 12/2001 | Krafsur et al. |
| 2003/0196354 A1 | | 10/2003 | Chu |

* cited by examiner



FIG. 1



# FIG.2

# EXHIBIT B





**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

FEBRUARY 23, 2004

                                    PTAS          *800010423A*
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

              UNITED STATES PATENT AND TRADEMARK OFFICE
              NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

     THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT DIVISION OF
     THE U.S. PATENT AND TRADEMARK OFFICE.  A COMPLETE MICROFILM COPY IS
     AVAILABLE AT THE ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER
     REFERENCED BELOW.

     PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE.  THE
     INFORMATION CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA
     PRESENT IN THE PATENT AND TRADEMARK ASSIGNMENT SYSTEM.  IF YOU SHOULD
     FIND ANY ERRORS OR HAVE QUESTIONS CONCERNING THIS NOTICE, YOU MAY
     CONTACT THE EMPLOYEE WHOSE NAME APPEARS ON THIS NOTICE AT 703-308-9723.
     PLEASE SEND REQUEST FOR CORRECTION TO:  U.S. PATENT AND TRADEMARK OFFICE,
     ASSIGNMENT DIVISION, BOX ASSIGNMENTS, CG-4, 1213 JEFFERSON DAVIS HWY,
     SUITE 320, WASHINGTON, D.C. 20231.

     RECORDATION DATE: 02/23/2004          REEL/FRAME: 014355/0165
                                           NUMBER OF PAGES: 3

     BRIEF:  ASSIGNMENT OF ASSIGNOR'S INTEREST (SEE DOCUMENT FOR DETAILS).

     ASSIGNOR:
       MARVIN, WILLIAM                      DOC DATE: 02/17/2004

     ASSIGNOR:
       CHRISTENSEN, BRIAN                   DOC DATE: 02/11/2004

     ASSIGNOR:
       LITCHFIELD, PAUL E.                  DOC DATE: 02/12/2004

     ASSIGNOR:
       MCINNIS, WILLIAM                     DOC DATE: 02/11/2004

     ASSIGNEE:
       REEBOK INTERNATIONAL LTD.
       1895 J.W. FOSTER BOULEVARD
       CANTON, MASSACHUSETTS 02021

014355/0165 PAGE 2

SERIAL NUMBER: 10607541                    FILING DATE: 06/27/2003
PATENT NUMBER:                             ISSUE DATE:


KIMBERLY WHITE, EXAMINER
ASSIGNMENT DIVISION
OFFICE OF PUBLIC RECORDS

## PATENT ASSIGNMENT

Electronic Version v07
Stylesheet Version v02

**02/23/2004**
**800010423**

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT OF ASSIGNOR'S INTEREST |

CONVEYING PARTY DATA

| Name | Execution Date |
|---|---|
| William MARVIN | 2004-02-17 |
| Brian CHRISTENSEN | 2004-02-11 |
| Paul E. LITCHFIELD | 2004-02-12 |
| William MCINNIS | 2004-02-11 |

RECEIVING PARTY DATA

| Name | Street Address | Internal Address | City | State/Country | Postal Code |
|---|---|---|---|---|---|
| Reebok International Ltd. | 1895 J.W. Foster Boulevard | | Canton | MASSACHUSETTS | 02021 |

PROPERTY NUMBERS  Total: 1

| Property Type | Number |
|---|---|
| Application Number | 10607541 |

CORRESPONDENCE DATA

FAX NUMBER: 202/3712540
*Correspondence will be sent via US Mail when the fax attempt is unsuccessful.*
When the customer number has been provided, the Office of Public Records will obtain the correspondence data from the official record on file at the USPTO.
CUSTOMER NUMBER: 026111

| NAME OF PERSON SIGNING: | Rae Lynn Prengaman |
|---|---|
| DATE SIGNED: | 2004-02-23 |

Total Attachments: 2
source=Assignment20730080000p1.TIF
source=Assignment20730080000p2.TIF

## ASSIGNMENT

In consideration of the sum of One Dollar ($1.00) or equivalent and other good and valuable consideration paid to each of the undersigned inventors: (1) William MARVIN, (2) Brian CHRISTENSEN, (3) Paul E. LITCHFIELD and (4) William MCINNIS, the undersigned inventors hereby sell and assign to Reebok International Ltd., 1895 J.W. Foster Boulevard, Canton, MA 02021 (the Assignee) his/her entire right, title and interest, including the right to sue for past infringement and to collect for all past, present and future damages:

*check applicable box(es)*

    ☒ for the United States of America (as defined in 35 U.S.C. § 100),

    ☒ and throughout the world,

(a) in the invention known as <u>Cushioning Sole for an Article of Footwear</u> for which application for patent in the United States of America has been executed by the undersigned on , (1) , (2) (3) and (4) (also known as United States Application No. <u>10/607,541</u>, filed <u>June 27, 2003</u>), in any and all applications thereon, in any and all Letters Patent(s) therefor, and

(b) in any and all applications that claim the benefit of the patent application listed above in part (a), including continuing (continuation, divisional, or continuation-in-part) applications, reissues, extensions, renewals and reexaminations of the patent application or Letters Patent therefor listed above in part (a), to the full extent of the term or terms for which Letters Patents issue, and

(c) in any and all inventions described in the patent application listed above in part (a), and in any and all forms of intellectual and industrial property protection derivable from such patent application, and that are derivable from any and all continuing applications, reissues, extensions, renewals and reexaminations of such patent application, including, without limitation, patents, applications, utility models, inventor's certificates, and designs together with the right to file applications therefor; and including the right to claim the same priority rights from any previously filed applications under the International Agreement for the Protection of Industrial Property, or any other international agreement, or the domestic laws of the country in which any such application is filed, as may be applicable;

all such rights, title and interest to be held and enjoyed by the above-named Assignee, its successors, legal representatives and assigns to the same extent as all such rights, title and interest would have been held and enjoyed by the Assignor had this assignment and sale not been made.

The undersigned inventors agree to execute all papers necessary in connection with the application(s) and any continuing (continuation, divisional, or continuation-in-part), reissue, reexamination or corresponding application(s) thereof and also to execute separate assignments in connection with such application(s) as the Assignee may deem necessary or expedient.

The undersigned inventors agree to execute all papers necessary in connection with any interference or patent enforcement action (judicial or otherwise) related to the application(s) or any continuing (continuation, divisional, or continuation-in-part), reissue or reexamination application(s)

Assignment 20730080000p1

thereof and to cooperate with the Assignee in every way possible in obtaining evidence and going forward with such interference or patent enforcement action.

The undersigned inventors hereby represent that he/she has full right to convey the entire interest herein assigned, and that he/she has not executed, and will not execute, any agreement in conflict therewith.

The undersigned inventors hereby grant Robert Greene Sterne, Esquire, Registration No. 28,912; Edward J. Kessler, Esquire, Registration No. 25,688; Jorge A. Goldstein, Esquire, Registration No. 29,021; David K.S. Cornwell, Esquire, Registration No. 31,944; Robert W. Esmond, Esquire, Registration No. 32,893; Tracy-Gene G. Durkin, Esquire, Registration No. 32,831; Michele A. Cimbala, Esquire, Registration No. 33,851; Michael B. Ray, Esquire, Registration No. 33,997; Robert E. Sokohl, Esquire, Registration No. 36,013; Eric K. Steffe, Esquire, Registration No. 36,688; Michael Q. Lee, Esquire, Registration No. 35,239; Steven R. Ludwig, Esquire, Registration No. 36,203; John M. Covert, Esquire, Registration No. 38,759; Linda E. Alcorn, Esquire, Registration No. 39,588; Lawrence B. Bugaisky, Esquire, Registration No. 35,086; Donald J. Featherstone, Esquire, Registration No. 33,876; Robert C. Millonig, Esquire, Registration No. 34,395; Michael V. Messinger, Esq., Registration No. 37,575; Judith U. Kim, Esq., Registration No. 40,679; Timothy J. Shea, Jr., Esq., Registration No. 41,306; and Patrick E. Garrett, Esq., Registration No. 39,987; all of STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C., 1100 New York Avenue, N.W., Washington, D.C. 20005-3934, power to insert in this assignment any further identification that may be necessary or desirable in order to comply with the rules of the United States Patent and Trademark Office for recordation of this document.

IN WITNESS WHEREOF, executed by the undersigned inventors on the date opposite his/her name.

Date: _2 - 17 -04_    Signature of Inventor: _____
William MARVIN

Date: _11 FEB 2004_    Signature of Inventor: _____
Brian CHRISTENSEN

Date: _12 / 2 / 04_    Signature of Inventor: _____
Paul E. LITCHFIELD

Date: _11 Feb 2004_    Signature of Inventor: _____
William MCINNIS

SKGF_DC1:185140.1

Assignment 207300800000P

# EXHIBIT C



# EXHIBIT D



# EXHIBIT E



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)** Reebok International Ltd. v. Wal-Mart Stores, Inc.

2.  **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).**

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

                * Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

    04-12668 RGS

3.  **TITLE AND NUMBER, IF ANY, OF RELATED CASES.  (SEE LOCAL RULE 40.1(E)).** ___N/A___

4.  **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**
    YES ☐   NO ☒

5.  **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC 2403)**
    YES ☐   NO ☒
    **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**
    YES ☐   NO ☐

6.  **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?**
    YES ☐   NO ☒

7.  **DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).**
    YES ☐   NO ☒
    **OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?(SEE LOCAL RULE 40.1(D)).**
    YES ☐   NO ☒

8.  **DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?**
    YES ☐   NO ☒

    (a)   IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE?_____

9.  **IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?** ___Eastern___

10. **IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE**
    CENTRAL DIVISION; YES ☐  NO ☐     OR WESTERN DIVISION; YES ☐   NO ☐

11. **ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR? IF SO, BY WHICH ADR?** No.

    EARLY NEUTRAL EVALUATION ☐     MEDIATION ☐     SUMMARY JURY/BENCH TRIAL ☐

    MINI-TRIAL ☐     OTHER ☐

(PLEASE TYPE OR PRINT)

**ATTORNEY'S NAME** Shepard Davidson, Esq., Victoria L. Walton, Esq.

**ADDRESS** Burns & Levinson LLP, 125 Summer Street, Boston, MA 02110

**TELEPHONE NO.** (617   345-3000

(Category Form.wpd  - 3/28/2000)

*₃JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Reebok International Ltd.

## DEFENDANTS

Wal-Mart Stores, Inc.

(b) County of Residence of First Listed Plaintiff    **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed    **Benton**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Burns & Levinson LLP, 125 Summer Street,
Boston, MA 02110 (617) 345-3000
(See attachment)

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only)    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☒4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☒ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is an action seeking redress for patent infringement under 35 USC §271, et seq., for infringement by Defendant of Plaintiff's patent.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S)    (See instructions:)

IF ANY    N/A

JUDGE ____    DOCKET NUMBER ____

DATE  12/20/04

SIGNATURE OF ATTORNEY OF RECORD  *Kristen L. Walton*

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____