Irving H. Picard (BBO # 398820)
Peter T. Cobrin (pro hac vice to be filed)
GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 649-4700 ph
(212) 333-5980 fax

*ATTORNEYS FOR DEFENDANT,*
*WAL-MART STORES, INC.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

REEBOK INTERNATIONAL, LTD.,

                        Plaintiff,

    v.

WAL-MART STORES, INC.,

                       Defendant.

Civil Action No. 04-12668 (RGS)(RBC)
Hon. Richard G. Stearns, U.S.D.J.

### ANSWER

Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), by and through its attorneys, as and for its answer to the Complaint of plaintiff Reebok International, Ltd. ("plaintiff"), alleges:

### STATEMENT OF JURISDICTION AND VENUE

1.      Wal-Mart admits the allegations contained in paragraph 1 of the Complaint.

2.      Wal-Mart admits the allegations contained in paragraph 2 of the Complaint.

### PARTIES

3.      Wal-Mart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies same.

4.      Wal-Mart admits the allegations contained in paragraph 4 of the Complaint.

### CLAIM

1

5.    Wal-Mart admits that U.S. Patent No. Des. 495,127 (hereinafter "the '127 patent") is entitled "Portion of a Midsole," and was issued on August 31, 2004, from application Serial No. 29/203,335. Wal-Mart also admits that the application giving rise to the '127 patent is a divisional application of U.S. Utility Patent Application No. 10/607,541. Wal-Mart also admits that attached as Exhibit A to the Complaint is a copy of the '127 patent. Wal-Mart lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint, and therefore denies same

6.    Wal-Mart admits that attached as Exhibit B to the Complaint is a copy of a Notice of Recordation of Assignment in the U.S. Patent and Trademark Office, regarding Serial No. 10/607,541. Wal-Mart lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint, and therefore denies same.

7.    Wal-Mart admits that it has made, used, sold, offered for sale and/or imported shoes in the United States and continues to make, use, sell, offer for sale and/or import shoes in the United States, including men's, women's and children's shoes sold under the STARTER brand having the model same "Oxide" (hereinafter "the Oxide shoe"). Wal-Mart also admits that photocopies of shoes are attached as Exhibits C, D and E to the Complaint, but lacks knowledge and information sufficient to form a belief as to whether the photocopies are of versions of the Oxide Shoes sold by Wal-Mart, and therefore denies same. Wal-Mart denies the remaining allegations in paragraph 7 of the Complaint.

8.    Wal-Mart denies the allegations contained in paragraph 8 of the Complaint.

9.    Wal-Mart denies the allegations contained in paragraph 9 of the Complaint.

10.    Wal-Mart denies the allegations contained in paragraph 10 of the Complaint.

11.    Wal-Mart denies the allegations contained in paragraph 11 of the Complaint.

#96531 v1
105210-52957

## FIRST AFFIRMATIVE DEFENSE

12.     On information and belief, United States Patent No. Des. 495,127 ("the '127 patent") is invalid for failure to satisfy the conditions for patentability.

## SECOND AFFIRMATIVE DEFENSE

13.     On information and belief, Wal-Mart has not infringed and does not infringe, either directly, or indirectly, the '127 patent.

**WHEREFORE**, defendant Wal-Mart Stores, Inc. prays for judgment in its favor and an order:

1.     dismissing the Complaint of plaintiff Reebok International, Ltd.;

2.     declaring that the '127 patent is not infringed by Wal-Mart, directly and/or indirectly;

3.     declaring that the '127 patent is invalid;

4.     declaring that this is an exceptional case under 35 U.S.C. §285 and awarding Wal-Mart its costs and attorneys' fees incurred in this action;

5.     granting Wal-Mart such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: February 18, 2005

GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.

By: _____
Irving H. Picard (BBO # 398820)
Peter T. Cobrin (pro hac vice to be filed)
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 649-4700 ph
(212) 333-5980 fax

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

#96531 v1
105210-52957

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed via Federal Express in compliance with

Local Civil Rule 5.2. As such, a copy of this Answer was served via Federal Express upon the following

counsel of record for Plaintiff Reebok International, Ltd.:

Victoria L. Walton (BBO #650999)
BURNS & LEVINSON LLP
125 Summer Street
Boston, Massachusetts 02110-1624
(617) 345-3000
(617) 345-3299 facsimile

Donald R. Banowit (pro hac vice)
STERNE KESSLER GOLDSTEIN & FOX, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-2600
(202) 371-2540 facsimile

Irving H. Picard (BBO # 398820)

#96531 v1
105210-52957