Irving H. Picard (BBO # 398820)
Peter T. Cobrin (pro hac vice)
GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 649-4700 ph
(212) 333-5980 fax



*ATTORNEYS FOR DEFENDANT,*
*WAL-MART STORES, INC.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REEBOK INTERNATIONAL, LTD.,<br><br>                              Plaintiff,<br>v.<br><br>WAL-MART STORES, INC.,<br><br>                              Defendant. | Civil Action No. 04-12668 (RGS)(RBC)<br>Hon. Richard G. Stearns, U.S.D.J.<br><br>Return date: April 14, 2005<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF PATENT INVALIDITY, PURSUANT TO FED. R. CIV. P. 56** |

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") respectfully submits this memorandum in support of its motion, pursuant to Fed. R. Civ. P. 56 and D. Mass. Local Rule ("L.R.") 56.1, for summary judgment in its favor that U.S. Patent No. D495,127 ("the '127 patent"), asserted by plaintiff Reebok International Ltd. ("Reebok") in this action, is invalid as anticipated, under 35 U.S.C. § 102(b).

## I. PRELIMINARY STATEMENT

The '127 patent is limited to a two-stepped ridged portion of a midsole on the side of a shoe, where the stepped ridges are of unequal perimeter size. Nothing in the '127 patent requires that the two stepped ridges be oriented relative to each other in any particular manner. However, U.S. Patent No. 2,669,038, which issued almost fifty (50) years before the priority filing date for the '127 patent, also discloses a two-stepped ridged portion of a midsole on the side of a shoe, with stepped ridges of unequal perimeter size. There is no genuine issue of material fact that the two-stepped ridge portion in the U.S. Patent No. 2,669, 038 is substantially the same as that in the '127 patent, and that their resemblance would deceive an ordinary observer. Additionally, there is no genuine issue of material fact that Figure 1 of U.S. Patent No. 2,669,038 discloses and incorporates the point of novelty of the '127 patent, and that the stepped ridge midsole portion shown in Figure 1 is identical in all material respects to the claimed design of the '127 patent. As a result, no genuine issue of material fact exists that U.S. Patent No. 2,669,038 anticipates the claimed design of the '127 patent and the '127 patent thus is invalid under 35 U.S.C. § 102.

## II. THE '127 PATENT IS INVALID AS ANTICIPATED

### A. The Law of Summary Judgment

Summary judgment is appropriate where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine factual issue exists if there is evidence favoring the nonmovant such that a jury could return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the movant's burden is discharged, the nonmovant must come forward with evidence supporting a jury verdict in its favor. *Anderson*, 477 U.S. at 249. General denials and conclusory statements are insufficient. *TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1372 (Fed. Cir.), cert. den'd., 537 U.S. 995 (2002).

A party seeking to invalidate a patent on summary judgment must submit clear and convincing evidence of invalidity. See, e.g., *Univ. of Rochester v. G.D. Searle & Co., Inc.*, 358 F.3d 916, 920 (Fed. Cir. 2004); *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001) ("[A] moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of invalidity so that no reasonable jury could find otherwise.").

### B.  The Law of Design Patent Anticipation

A design patent is presumed to be valid and must be proven invalid by clear and convincing evidence. See 35 U.S.C. § 282; *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993).

Patent anticipation is provided by 35 U.S.C. § 102, which reads (pertinent part):

> A person shall be entitled to an invention unless--
>
> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this

country, more than one year prior to the date of the application for
patent in the United States[.]

Design patent anticipation "requires the court to first construe the claimed design, if appropriate, and then to compare the claimed design to the [prior art] article." *Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1312 (Fed. Cir. 2001) (quoting *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1404 (Fed. Cir. 1997)). "As with a utility patent, design patent anticipation requires a showing that a single prior art reference is 'identical in all material respects' to the claimed invention." *Door-Master*, 256 F.3d at 1312, cit. omit., quot. omit.; see also *Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1461, (Fed. Cir. 1997) (same).

The fact finder must compare the claimed design to the prior art, employing both the ordinary observer and point of novelty tests. *Bernhardt, L.L.C. v. Collezione Europa USA, Inc.*, 386 F.3d 1371, 1378 (Fed. Cir. 2004); *Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1377 (Fed. Cir. 2002). Under the ordinary observer test, the patented design and the allegedly anticipating design are compared for overall visual similarity:

> if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Catalina Lighting, Inc. v. Lamps Plus Inc.*, 295 F.3d 1277, 1286 (Fed. Cir. 2002) (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)).

Under the point of novelty test, the fact finder must determine whether the allegedly anticipating design incorporates the points of novelty that distinguished the patented invention over the prior art. *Id.* at 1286-87; *Contessa*, 282 F.3d at 1377. "[A] trier of fact must consider the ornamental aspects of the design as a whole and not merely isolated portions of the patented

3

design." *Braun Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 820 (Fed. Cir. 1992); *Contessa*, 282 F.3d at 1376. However, only the non-functional aspects of an ornamental design as shown in a design patent are proper bases for design patent protection. *Door-Master*, 256 F.3d at 1312. Accordingly, in construing the claimed design, only "the non-functional aspects of an ornamental design as shown in a patent" should be considered. *KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed. Cir. 1993).

In any event, design patent scope is severely limited, essentially covering only the patent's figures and nothing more. *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988) ("Design patents have almost no scope. [They are] limited to what is shown in the application drawings."); *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995) (Design patents are entitled to almost no scope beyond the precise content of the drawings.).

A district court may properly construe design claims through its own eyes and need not refer to an ordinary observer or a skilled artisan. *Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 103 & n. 2 (Fed. Cir. 1996) (replacing the district court's construction with a new construction without citing the perspective of an ordinary observer or a skilled designer). See also, *OddzOn.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997) (affirming construction of a design patent claim, where the district court "carefully noted the ornamental features" without referring to the perspective of an ordinary observer or a skilled designer.).

### C. The '127 Patent and its Construction

U.S. Pat No. D495,127 ("the '127 patent"), entitled PORTION OF A MIDSOLE, issued August 31, 2004 to William Marvin and Brian Christensen, and is assigned to plaintiff Reebok. (Declaration of Peter T. Cobrin ("Cobrin Dec."), Exhibit A). The patent issued from an application Serial No. 29/203,335, filed April 14, 2004, which is a divisional of an application

4

filed June 27, 2003. (*Id.*). The '127 patent claims "[t]he ornamental design for a portion of a midsole, as shown and described." (*Id.*).

The '127 patent includes two (2) drawings: "a side view of a portion of a midsole showing our new design" (Figure 1); and "a cross sectional view thereof taken along line 2-2" (Figure 2). (*Id.*). For the convenience of the Court, Figures 1 and 2 of the '127 patent are reproduced below:



FIG.1

#98180 v1
105210-52957



**FIG.2**

Figure 2 shows the claimed ornamental design on one side only of the sole. (Cobrin Dec. Ex. A).

The '127 patent includes the further description that "[t]he broken line is environmental only and forms no part of the claimed design." (*Id.*).[1] Excluding the broken lines, the orientation of the two-stepped ridges is not designated. Therefore, all orientations are claimed.

Pursuant to 37 C.F.R. § 1.152, a design patent must contain a sufficient number of views to constitute a complete disclosure of the appearance of the design. The Manual of Patent Examining Procedure ("MPEP") § 1503.02, notes that "[v]iews that are merely duplicative of other views of the design or that are flat and include no surface ornamentation may be omitted from the drawing if the specification makes this explicitly clear."

> For example, if the left and right sides of a design are identical or a mirror image, a view should be provided of one side and a statement made in the drawing description that the other side is identical or a mirror image. If the design has a flat bottom, a view of the bottom may be omitted if the specification includes a

---

[1] By convention, structure that is not part of the claimed design, but is considered necessary to show the environment in which the design is associated, is represented in the drawing by broken lines. MPEP § 1503.02. Broken lines in a drawing are not part of the claimed design. *Id.*

#98180 v1
105210-52957

> statement that the bottom is flat and devoid of surface ornamentation...

MPEP § 1503.02, pertinent part, cit. omit.

Under MPEP § 1504.04, "[t]he scope of a claimed design is understood to be limited to those surfaces or portions of the article shown in the drawing in full lines in combination with any additional written description in the specification." Visible portions of the article embodying the design, not shown, form no part of the claim. *Id.*

There is no indication in the '127 patent whether other portions of the shoe midsole, not shown in Figures 1 or 2, include the claimed design or are devoid of ornamentation. (Cobrin Dec. Ex. A). Specifically, there is no statement in the '127 patent that the side of the shoe midsole not shown in Figure 1 is identical to or a mirror image of the side shown. (*Id.*). Accordingly, based on the limited number of drawings provided with the '127 patent, the specific format of those drawings (broken versus solid lines), and the statement in the '127 patent that the broken line forms no part of the claimed design, the construction of the design of the '127 patent -- the scope of the claimed design, its point of novelty (if any) -- necessarily is limited to the two-stepped ridged portion of the midsole on the side of the shoe, where the steps are not of equal perimeter size, as shown in Figure 1. (*Id.*).

The '127 patent does not limit the two-stepped ridged side portion of the midsole to any particular orientation. That is, the '127 patent does not require that the two-stepped ridged side portion of the midsole be oriented with respect to the remainder of the sole, so that the stepped ridge with the larger perimeter size is located closest to the bottom of the sole, and the stepped ridge with the smaller perimeter size is located farthest from the bottom of the sole. (*Id.*). To the contrary, the patent specifics that any aspect of the drawings which may be perceived as

7

providing an orientation is merely environmental. All that is required by the '127 patent is that the two steps have unequal perimeter sizes. (*Id.*).

### D. The '038 Patent

U.S. Patent No. 2,669,038 ("the '038 patent"), entitled SHOCK ABSORBING SHOE HEEL, issued February 16, 1954, to Robert De Werth, from an application filed November 19, 1951. (Cobrin Dec. Ex. B). The '038 patent issued more than one year before the June 27, 2003 priority date of the '127 patent. (*Id.*).

Figure 1 to the '038 patent shows an elevational view of the rear portion of a shoe equipped with a shock absorbing heel constructed in accordance with the invention of the '038 patent. (*Id.*). Depicted in Figure 1 is a side view of a side portion of the midsole of the shock absorbing heel. (*Id.*). For the convenience of the Court, Figure 1 of the '038 patent is reproduced below:



As shown in Figure 1 of the '038 patent, the side portion of the midsole includes a two-stepped ridged side portion, where the steps are not of equal perimeter size. (*Id.*). As shown in Figure 1 of the '038 patent, the stepped ridge with the larger perimeter size is located farthest from the bottom side portion of the sole, while the stepped ridge with the smaller perimeter size is located closest to the bottom side portion of the sole. (*Id.*).

### E. The '038 Patent Anticipates the '127 Patent

8

Based on the foregoing, including a facial comparison of the '127 patent and Figure 1 of the '038 patent, there is no genuine issue of material fact that the point of novelty of the '127 patent and the stepped ridge midsole portion shown in Figure 1 of the '038 patent are identical, and at the very least substantially the same, and that their resemblance would deceive an ordinary observer. (Cobrin Dec., Exs. A, B). There is no genuine issue of material fact that Figure 1 of the '038 patent discloses and incorporates the point of novelty of the '127 patent, i.e., a two-stepped ridged portion of a midsole where the steps are of unequal perimeter sizes. (*Id.*). And, there is no genuine issue of material fact that the stepped ridge midsole portion shown in Figure 1 of the '038 patent is identical in all material respects to the claimed design of the '127 patent. (*Id.*). As a result, there is no genuine issue of material fact that Figure 1 of the '038 patent anticipates the claimed design of the '127 patent and the '127 patent thus is invalid under 35 U.S.C. § 102. Summary judgment in favor of Wal-Mart is warranted.

With respect to the different orientations of the stepped ridge midsole portions of the '127 patent and Figure 1 of the '038 patent ("Λ" and "V", respectively), as noted, there is nothing in the '127 patent limiting the two-stepped ridged side portion of the midsole -- the only ascertainable point of novelty, and thus the scope of the claimed design -- to any particular orientation. (Cobrin Dec. Ex. A). The '127 patent does not require that the two-stepped ridged side portion of the midsole be oriented such that the stepped ridge with the larger perimeter size be located closest to the bottom side portion of the sole, while the stepped ridge with the smaller perimeter size is located farthest from the bottom side portion of the sole. (*Id.*). In fact, the '127 patent notably states that any aspect of the drawings which could provide orientation are not provided for that purpose but are only environmental. All that is required is two steps of unequal perimeter size. (*Id.*). The orientation of the two stepped ridges relative to each other is not a

9

material aspect of the claimed design, and does not affect the anticipation of the '127 patent by Figure 1 of the '038 patent.

### III.   CONCLUSION

For the foregoing reasons, no genuine issue of material fact exists that the '127 patent is invalid as anticipated by the '038 patent. Accordingly, Wal-Mart's motion should be granted, and summary judgment should entered in its favor on the issue of patent invalidity.

Respectfully submitted,

Dated: March 28, 2005

GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.

By: _____
Irving H. Picard (BBO # 398820)
Peter T. Cobrin (pro hac vice)
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 649-4700 ph
(212) 333-5980 fax

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed via Federal Express in compliance with Local Civil Rule 5.2. As such, a copy of this DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF PATENT INVALIDITY, PURSUANT TO FED. R. CIV. P. 56 was served via Federal Express upon the following counsel of record for Plaintiff Reebok International, Ltd.:

    Victoria L. Walton (BBO #650999)
    BURNS & LEVINSON LLP
    125 Summer Street
    Boston, Massachusetts 02110-1624
    (617) 345-3000
    (617) 345-3299 facsimile

    Donald R. Banowit (pro hac vice)
    STERNE KESSLER GOLDSTEIN & FOX, P.L.L.C.
    1100 New York Avenue, N.W.
    Washington, D.C. 20005
    (202) 371-2600
    (202) 371-2540 facsimile

_____
Peter T. Cobrin (pro hac vice)

#98180 v1
105210-52957