Irving H. Picard (BBO # 398820)
Peter T. Cobrin (pro hac vice)
GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 649-4700 ph
(212) 333-5980 fax

*ATTORNEYS FOR DEFENDANT,
WAL-MART STORES, INC.*



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REEBOK INTERNATIONAL, LTD.,<br><br>        Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>        Defendant. | Civil Action No. 04-12668 (RGS)(RBC)<br>Hon. Richard G. Stearns, U.S.D.J.<br><br>Return date: April 14, 2005<br><br>**DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF PATENT INVALIDITY, PURSUANT TO FED. R. CIV. P. 56** |

  Pursuant to Fed. R. Civ. P. 56 and D.Mass. Local Rule ("L.R.") 56.1, and as part of its Motion for Summary Judgment of patent invalidity, defendant Wal-Mart Stores, Inc. ("Wal-Mart") submits this statement of material facts of record as to which there is no genuine issue to be tried:

  1.  In the above-captioned litigation, plaintiff Reebok International Ltd. ("Reebok") asserts that Wal-Mart is infringing U.S. Patent No. D495,127 (hereinafter "the '127 patent"). (Complaint, Docket No. 1, ¶¶ 7-10).

2. The '127 patent is entitled PORTION OF A MIDSOLE, issued August 31, 2004 to William Marvin and Brian Christensen, and is assigned to plaintiff Reebok. (U.S. Pat No. D495,127, Declaration of Peter T. Cobrin ("Cobrin Dec."), Exhibit A).

3. The '127 patent issued from an application Serial No. 29/203,335 ("the '335 application"), filed April 14, 2004, which is a divisional of an application filed June 27, 2003. (*Id.*).

4. The '127 patent claims "[t]he ornamental design for a portion of a midsole, as shown and described." (*Id.*).

5. The '127 patent includes two (2) drawings: "a side view of a portion of a midsole showing our new design" (Figure 1); and "a cross sectional view thereof taken along line 2-2" (Figure 2). (*Id.*).

6. In Figure 2 of the '127 patent, the claimed ornamental design is shown on one side only of the sole. (*Id.*).

7. The '127 patent includes the further description that "[t]he broken line is environmental only and forms no part of the claimed design." (*Id.*).

8. There is no statement in the '127 patent that the side of the shoe midsole not shown in Figure 1 is identical to or a mirror image of the side shown. (*Id.*).

9. There is no indication in the '127 patent whether other portions of the shoe midsole, not shown in Figures 1 or 2, include the claimed design or are devoid of ornamentation. (*Id.*).

10. Based on the limited number of drawings provided with the '127 patent, the specific format of those drawings (broken lines versus solid lines), and the statement in the '127 patent that the broken lines form no part of the claimed design, the construction of the design of

#98166 v1
105210-52957

the '127 patent -- the scope of the claimed design, its point of novelty (if any) -- is limited to the two-stepped ridged portion of the midsole on the side of the shoe, where the steps are not of equal perimeter size, as shown in Figure 1 of the '127 patent. (*Id.*).

11.     In the '127 patent, the orientation of the two-stepped ridged side portion of the midsole is not specified. The broken lines are not part of the design, thus the orientation of the two-stepped ridged side potion cannot be ascertained. The '127 patent does not limit the two-stepped ridged side portion of the midsole to any particular orientation. That is, the '127 patent does not require that the two-stepped ridged side portion of the midsole be oriented with respect to the remainder of the sole of the shoe, such that the stepped ridge with the larger perimeter size be located closest to the bottom side portion of the sole, while the stepped ridge with the smaller perimeter size is located farthest from the bottom side portion of the sole. (*Id.*). All that is required by the '127 patent is that the two steps have unequal perimeter sizes. (*Id.*).

12.     U.S. Patent No. 2,669,038 ("the '038 patent"), entitled SHOCK ABSORBING SHOE HEEL, issued February 16, 1954, to Robert De Werth, from an application filed November 19, 1951. (U.S. Patent No. 2,669,038, Cobrin Dec. Ex. B).

13.     The '038 patent issued more than one year before the June 27, 2003 priority date of the '127 patent. (*Id.*).

14.     Figure 1 to the '038 patent shows an elevational view of the rear portion of a man's shoe equipped with a shock absorbing heel constructed in accordance with the invention of the '038 patent. (*Id.*).

15.     Figure 1 of the '038 patent depicts a side view of a side portion of the midsole of the shock absorbing heel. (*Id.*).

#98166 v1
105210-52957

16. The side portion of the midsole depicted in Figure 1 of the '038 patent, includes a two-stepped ridged side portion, where the steps are not of equal perimeter size. (*Id.*).

17. In Figure 1 of the '038 patent, the stepped ridge with the larger perimeter size is located farthest from the bottom side portion of the sole, while the stepped ridge with the smaller perimeter size is located closest to the bottom side portion of the sole. (*Id.*). That orientation is the same as one of the possible orientations of the '127 patent.

18. The point of novelty of the '127 patent and the stepped ridge midsole portion shown in Figure 1 of the '038 patent are substantially the same, and their resemblance would deceive an ordinary observer. (Cobrin Dec., Exs. A, B).

19. Figure 1 of the '038 patent discloses and incorporates the point of novelty of the '127 patent. (Cobrin Dec., Exs. A, B).

20. The stepped ridge midsole portion shown in Figure 1 of the '038 patent is identical in all material respects to the claimed design of the '127 patent. (Cobrin Dec., Exs. A, B).

Respectfully submitted,

Dated: March 28, 2005

GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.

By: _____
Irving H. Picard (BBO # 398820)
Peter T. Cobrin (pro hac vice)
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 649-4700 ph
(212) 333-5980 fax

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed via Federal Express in compliance with Local Civil Rule 5.2. As such, a copy of this DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF PATENT INVALIDITY, PURSUANT TO FED. R. CIV. P. 56 was served via Federal Express upon the following counsel of record for Plaintiff Reebok International, Ltd.:

Victoria L. Walton (BBO #650999)
BURNS & LEVINSON LLP
125 Summer Street
Boston, Massachusetts 02110-1624
(617) 345-3000
(617) 345-3299 facsimile

Donald R. Banowit (pro hac vice)
STERNE KESSLER GOLDSTEIN & FOX, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-2600
(202) 371-2540 facsimile

_____
Peter T. Cobrin (pro hac vice)

#98166 v1
105210-52957