UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

REEBOK INTERNATIONAL LTD.,

             Plaintiff,

    v.

WAL-MART STORES, INC.,

            Defendant.

Civil Action No. 04-12668 (RGS)(RBC)
Honorable Richard G. Stearns

CONCISE STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

Reebok International Ltd. ("Reebok") submits this Statement of Facts pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1. This Statement of Facts is in support of Reebok's Cross-Motion for Summary Judgment of Validity and Motion for Summary Judgment of Infringement. The following are material facts of record to which there is no genuine issue to be tried:

1. On December 20, 2004, Reebok filed the above identified infringement action against Wal-Mart Stores, Inc. ("Wal-Mart") in the District of Massachusetts alleging that U.S. Design Patent No. D495,127 ("the '127 patent") to Marvin *et al.* is infringed by the offer for sale and sale of certain shoes marketed under the name "Oxide" ("the Oxide shoes") and sold by Wal-Mart Stores, Inc. ("Wal-Mart") throughout the United States. (Complaint, Docket No. 1, ¶¶ 7-10).

2. Service of the complaint was effective on January 10, 2005. (Affidavit of Service, Docket No. 2).

3. Wal-Mart filed an answer on February 22, 2005. (Answer to Complaint, Docket No. 5).

1

4.     On March 29, 2005, Wal-Mart moved for summary judgment that the '127 is invalid under 35 U.S.C. § 102(b) as anticipated by U.S. Patent No. 2,669,038 to De Werth ("the De Werth patent").  (Defendant's Memorandum in Support of its Motion for Summary Judgment of Patent Invalidity, Docket No. 10, page 1, ¶ 2).

5.     Wal-Mart purports a claim construction limited to "a two-stepped ridged portion of a midsole on the side of a shoe, where the stepped ridges are of unequal perimeter size." (Defendant's Memorandum in Support for Summary Judgment of Patent Invalidity, Docket No. 10, page 1).

6.     The '127 Patent is entitled PORTION OF A MIDSOLE and claims "the ornamental design for a portion of a midsole, as shown and described." (Cornwell Decl., Exhibit A, coverpage).

7.     The '127 Patent issued August 31, 2004 to William Marvin and Brian Christensen. (Cornwell Decl., Exhibit A, coverpage).

8.     Reebok is the owner of the '127 patent due to an Assignment duly recorded in the U.S. Patent and Trademark Office on February 23, 2004. (Cornwell Decl., Exhibit B, Notice of Recordation of Assignment). (Cornwell Decl., Exhibit A, coverpage).

9.     Figures 1 and 2 claimed in the '127 patent are reproduced below. (Cornwell Decl., Exhibit A, Figures 1 and 2). Reference numerals have been added to Figs. 1 and 2 of the '127 patent as reproduced below to aid the Court in the following discussion.



10. Figure 1 is described in the '127 patent as "a side view of a portion of a midsole showing our new design." (Cornwell Decl., Exhibit A, coverpage).

11. Figure 2 is described in the '127 patent as "a cross sectional view thereof taken along line 2-2." (Cornwell Decl., Exhibit A, coverpage).

12. Figures 1 and 2 of the '127 patent shows a portion of a midsole having ridges (labeled 1 and 2, above) arranged in a stair-stepped configuration. (Cornwell Decl., Exhibit A, Figure 1).

13. Figures 1 and 2 of the '127 patent shows one ridge (labeled 2 above) protruding farther than the other ridge (labeled 1 above). (Cornwell Decl., Exhibit A, Figure 1).

14. Figure 1 of the '127 patent shows each stepped ridge rounded at both the front corner (labeled 3 above) and rear corner (labeled 4 above) of the midsole portion. (Cornwell Decl., Exhibit A, Figure 1).

15. Figure 1 of the '127 patent has vertical hash lines to illustrate the roundness of the front and rear corners of the midsole portion. (Cornwell Decl., Exhibit A, Figure 1).

3

16. Figure 1 of the '127 patent illustrates that at the rear corner (labeled 4 above) of the midsole portion, the stepped ridges incline slightly, such that the top of each stepped ridge is slightly higher at the rear of the midsole portion than in the middle of the midsole portion. (Cornwell Decl., Exhibit A, Figure 1).

17. Each ridge shown in Figure 1 of the '127 patent has a vertical height which is relation to its overall length forms a long, slender visual aspect ratio. (Cornwell Decl., Exhibit A, Figure 1).

18. The De Werth patent, entitled SHOCK ABSORBING SHOE HEEL, issued February 16, 1954, to Robert De Werth. (Cornwell Decl., Exhibit G, the De Werth patent, coverpage).

19. A side-by-side comparison of the relevant portions of Figure 1 of the '127 and Figure 1 of the De Werth patent is reproduced below. (Cornwell Decl. Exhibit A, Figure 1 and Exhibit G, Figure 1).



**FIG. 1 OF THE '127 PATENT**   **FIG. 1 OF THE DE WERTH PATENT**

20.     The front corner of the heel of the De Werth patent is not rounded.  Figure 1 of the De Werth patent does not include hash lines on the front corner of the heel, as it does at the rear, to show roundness.  (Cornwell Decl., Exhibit G, Figure 1).

21.     Figure 2 of the De Werth patent, which is described as "a bottom elevational view of the heel, per se, shown in Fig. 1" and which is reproduced below, illustrates that the heel of the De Werth patent does not have a rounded front corner, but rather includes a sharp edge at the front corner of the heel shown in Figure 1.  (Cornwell Decl., Exhibit G, Figure 2).



**FIG. 2 OF THE DE WERTH PATENT**

22.     The stepped ridges of the heel of the De Werth patent do not incline at the rear of the heel, such that the top of each stepped ridge is higher at the rear of the heel than in the middle of the heel.  Rather, as is apparent from Fig. 1 of the De Werth patent, the top of each stepped ridge is at the same height in the middle of the heel as at the rear of the heel. (Cornwell Decl., Exhibit G, Figure 1).

23.     When the heel of the De Werth patent is compared in about the same proportion to the design claimed in the '127 patent, the visual aspect ratio (apparent height to length) of the

5

stepped ridges of the De Werth patent is not substantially similar to the visual aspect ratio of the stepped ridges of the '127 patent. Each ridge of the '127 patent appears longer and thinner than that of the De Werth patent. (Cornwell Decl. Exhibit A, Figure 1 and Exhibit G Figure 1).

24.     The heel of the De Werth patent is not substantially similar in appearance in the eyes of an ordinary observer to the claimed design. (Cornwell Decl. Exhibit A, Figure 1 and Exhibit G, Figure 1).

25.     During prosecution of the patent application which became the '127 patent, the Examiner indicated his consideration of U.S. Patent No. 1,081,442 to Geiger. (Cornwell Decl., Exhibit C, Form PTO-1449, page 4, accompanying Notice of Allowance).

26.     Figures 1 and 2 of U.S. Patent No. 1,081,442 to Geiger are reproduced below. (Cornwell Decl., Exhibit E, Figures 1 and 2).



27.     U.S. Patent No. 1,081,442 to Geiger shows a two-stepped ridged portion of a midsole on the side of a shoe, where the stepped ridges are of unequal perimeter size. (Cornwell Decl., Exhibit E, U.S. Patent No. 1,081,442 to Geiger, Figures 1 and 2).

28.     The heel illustrated in U.S. Patent No. 1,081,442 has a sharp edge at the front of the midsole portion and does not have a rounded front corner. (Cornwell Decl., Exhibit E, Figures 1 and 2).

29.     The heel illustrated in U.S. Patent No. 1,081,442 has stepped ridges which are at the same height at the rear of the midsole as at the middle. (Cornwell Decl., Exhibit E, Figures 1 and 2).

30.     The heel illustrated in U.S. Patent No. 1,081,442 does not have a visual aspect ratio (height to width) substantially similar to the '127 patent. (Cornwell Decl. Exhibit A, Figure 1 and Exhibit E, Figures 1 and 2).

31.     During prosecution of the patent application which became the '127 patent, the Examiner identified and indicated his consideration of the Ferragamo layered heel from page 18 of "Shoes, a Lexicon if Style" by Valerie Steel, Rizzoli (1999).  (Cornwell Decl., Exhibit C, Form PTO-892 accompanying Notice of Allowance).

32.     An image of the Ferragamo layered heel is reproduced below.  (Cornwell Decl., Exhibit F).



33.     The Ferragamo layered heel has a two-stepped ridged portion of a midsole on the side of a shoe, where the stepped ridges are of unequal perimeter size. (Cornwell Decl., Exhibit F, page 18 of "Shoes, a Lexicon if Style").

34.     The Ferragamo layered heel has a sharp edge at the front of the midsole portion and does not have a rounded front corner. (Cornwell Decl., Exhibit F).

35.     The Ferragamo layered heel has stepped ridges which are at the same height at the rear of the midsole as at the middle. (Cornwell Decl., Exhibit F).

36.     The Ferragamo layered heel does not have a visual aspect ratio (height to width) substantially similar to the '127 patent. (Cornwell Decl. Exhibit A, Figure 1 and Cornwell Decl., Exhibit F).

37.     Wal-Mart has offered for sale and sold the Oxide shoes in the United States in men's, women's and youth's versions. (Complaint, Docket No. 1, ¶¶ 7).

38.     A portion of the side view photograph of the women's Oxide Shoe is reproduced below beside approximately the same portion of Figure 1 of the '127 patent. (Cornwell Decl. Exhibit A, Figure 1 and Exhibit H).

 

**FIG. 1 OF THE '127 PATENT**          **SIDE VIEW OF OXIDE SHOE**

39. A portion of the rear view photograph of the women's Oxide Shoe is reproduced below beside approximately the same portion of Figure 2 of the '127 patent. (Cornwell Decl. Exhibit A, Figure 2 and Exhibit H).

 

**FIG. 2 OF THE '127 PATENT**          **REAR VIEW OF OXIDE SHOE**

40. The midsole of the Oxide shoe includes a stair-stepped ridged portion, where one ridge protrudes further than the other ridge. (Cornwell Decl., Exhibit H).

41. The Oxide shoe has ridges which are rounded at both the front and rear corners of the midsole portion. (Cornwell Decl., Exhibit H).

42. The Oxide shoe has stepped ridges that incline slightly at the rear corner of the midsole portion, such that the top of each stepped ridge is slightly higher at the rear corner of the midsole portion than in the middle. (Cornwell Decl., Exhibit H).

43. Like Reebok's claimed design, each stepped ridge of the Oxide shoes has a height which in relation to its overall length forms a long, slender visual aspect ratio. (Cornwell Decl. Exhibit A, Figure 1 and Exhibit H).

44. The midsole of the Oxide shoes includes so many features which are identical to features of the design of the '127 patent that the two designs create the same overall impression on the eye of an ordinary observer. (Cornwell Decl. Exhibit A, Figure 1 and Exhibit H).

Respectfully submitted,

REEBOK INTERNATIONAL LTD.

By its attorneys,

　　/s/ Victoria L. Walton　　
Shepard Davidson (BBO#557082)
sdavidson@burnslev.com
Victoria L. Walton (BBO#650999)
vwalton@burnslev.com
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000
Facsimile: 617-345-3299

David K.S. Cornwell (*pro hac vice*)
Donald R. Banowit (*pro hac vice*)
Rae Lynn P. Guest (*pro hac vice*)

STERNE KESSLER GOLDSTEIN & FOX, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: 202-371-2600
Facsimile: 202-371-2540

Dated: May 2, 2005

383771_1.DOC