IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REEBOK INTERNATIONAL LTD., a Massachusetts corporation,<br><br>       Plaintiff,<br>  v.<br><br>WAL-MART STORES, INC., a Delaware corporation<br><br>       Defendant. | Civil Action No. 04-12668 RGS |

## JOINT PROPOSED PRE-TRIAL SCHEDULE

Pursuant to the Court's Notice of Scheduling Conference and Local Rule 16.1, the parties in the above entitled action hereby submit this Joint Proposed Pre-Trial Schedule.

The parties agree on the following:

6/15/05  Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) completed

8/26/05  Amendment to Pleadings Cut-Off

The parties do not consent to trial by magistrate judge.

The parties disagree as to the following dates and schedules and set out their respective positions for the Court's consideration:

396432_2.DOC

*Plaintiff's Proposal:*

8/26/05    Affirmative Expert Reports shall be served on or before

9/23/05    Rebuttal Expert Reports shall be served on or before

10/21/05    All discovery completed (i.e., written discovery served by 9/21/05 and depositions noticed to be taken by 10/21/05), except that in no event shall a party have less than 30 days within which to take discovery arising out of a late production of information from another party.

11/4/05    All summary judgment motions (and any other potentially dispositive motion) filed

Reebok requests that the Court set the Final Pre-Trial Conference for a date within 45 days of a decision on all summary judgment motions, or by 12/30/05, whichever is later.

*Defendant's Proposal:*

10/21/05    Fact discovery completed (i.e., written discovery served by 9/21/05 and depositions noticed to be taken by 10/21/05), except that in no event shall a party have less than 30 days within which to take discovery arising out of a late production of information from another party.

10/21/05    Affirmative Expert Reports shall be served on or before

11/18/05    Rebuttal Expert Reports shall be served on or before

12/16/05    Expert discovery completed

12/16/05    All summary judgment motions (and any other potentially dispositive motion) filed

Wal-Mart requests that the Court set the Final Pre-Trial Conference for a date within 45 days of a decision on all summary judgment motions, or by 2/24/06, whichever is later.

//
//

**Certifications:**

      Reebok International Ltd. and its counsel hereby certify that they have conferred (a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

*/s/ John W. Banke*
Reebok International Ltd.

By: John W. Banke

Title: Corporate Counsel

*/s/ David K.S. Cornwell*
David K.S. Cornwell, Esquire

      Wal-Mart Stores, Inc. and its counsel hereby certify that they have conferred (a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

_____
Wal-Mart Stores, Inc.

By: _____

Title: _____

_____
Peter T. Cobrin, Esquire

396432_2.DOC                    - 3 -

PAGE 2/2 * RCVD AT 5/10/2005 5:00:16 PM [Eastern Daylight Time] * SVR:NT-RIGHTFAX/1 * DNIS:2 * CSID: * DURATION (mm-ss):00-58

Certifications:

    Reebok International Ltd. and its counsel hereby certify that they have conferred (a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

Reebok International Ltd.

By: _____

Title: _____

_____
David K.S. Cornwell, Esquire

    Wal-Mart Stores, Inc. by its indemnitor LJO, Inc. and its counsel hereby certify that they have conferred (a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

Wal-Mart Stores, Inc. by its indemnitor LJO, Inc.

By: _*/s/ James Kimberlin/*_
    James Kimberlin

Title: _President_

_*/s/ Peter T. Cobrin/*_
Peter T. Cobrin, Esquire

396432_2.DOC

- 3 -

Respectfully submitted,

REEBOK INTERNATIONAL LTD.
By its attorneys,


   /s/ Victoria L. Walton
Shepard Davidson, BBO #557082
Victoria L. Walton, BBO #650999
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA  02110
(617) 345-3000

David K.S. Cornwell (*pro hac vice*)
Donald R. Banowit (*pro hac vice*)
Rae Lynn P. Guest (*pro hac vice*)
STERNE KESSLER GOLDSTEIN & FOX, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-2600


WAL-MART STORES, INC.
By its attorneys,


   /s/ Peter T. Cobrin
Peter T. Cobrin, Esq.
GIBBONS, DEL DEO, DOLAN, GRIFFINGER
  & VECCHIONE
One Pennsylvania Plaza, 37th Fl.
New York, NY  10119-3701
(212) 649-4700



Dated: May 10, 2005