Irving H. Picard (BBO # 398820)
Peter T. Cobrin (pro hac vice)
pcobrin@gibbonslaw.com
GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 649-4700 ph
(212) 333-5980 fax

*ATTORNEYS FOR DEFENDANT,*
*WAL-MART STORES, INC.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| REEBOK INTERNATIONAL, LTD., <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC., <br><br> Defendant. | Civil Action No. 04-12668 (RGS)(RBC) <br> Hon. Richard G. Stearns, U.S.D.J. |

**NOTICE OF CROSS-MOTIONS FOR SUMMARY JUDGMENT OF PATENT INVALIDITY AND NONINFRINGEMENT, PURSUANT TO FED. R. CIV. P. 56**

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby cross moves this Court, pursuant to Fed. R. Civ. P. 56 and D.Mass. L.R. 56.1,, for summary judgment in its favor and against plaintiff Reebok International, Ltd. ("Reebok"), with respect to:

(i)  infringement, and for an order declaring that Wal-Mart has not infringed U.S. Design Patent No. D495,127 (the "'127 patent"); and

(ii)  invalidity, and an order declaring that the '127 patent is invalid under 35 U.S.C. § 112, par. 1 for inadequate disclosure and under 35 U.S.C. § 102(a) for anticipation by a news publication dated January 28, 2003, entitled "China Leather News" (the "Chinese publication").

A supporting memorandum with relevant points and authorities, a statement of material facts pursuant to local rule 56.1, declarations of Xu Yiping, Peter T. Cobrin and Thomas Sindle, and a proposed order, all accompany this motion.

This motion is based on the grounds that there is no genuine issue as to any material fact and that, as a matter of law, Wal-Mart has not infringed the '127 patent by its sales, offers of sale, use and/or manufacture of shoes marketed under the name "Oxide" and/or that, under the claim construction proffered by Reebok for '127 patent, the '127 is invalid for inadequate disclosure under 35 U.S.C. § 112, par. 1, and is anticipated under 35 U.S.C. § 102(a) by the Chinese reference.  Summary judgment is proper pursuant to Federal Rules 56 and should be granted in favor of defendant.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

Counsel for Wal-Mart hereby certifies that it conferred with counsel for Reebok regarding this motion, in a good faith attempt to resolve or narrow the issues.  Counsel for Reebok does not consent to the motion.

Respectfully submitted,

Dated:  May 20, 2005

GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.

By:  __/s/ Peter T. Cobrin_____
Irving H. Picard (BBO # 398820)
Peter T. Cobrin (pro hac vice)
pcobrin@gibbonslaw.com
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 649-4700 ph
(212) 333-5980 fax

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed via Federal Express in compliance with Local Civil Rule 5.2.  As such, a copy of this NOTICE OF CROSS-MOTIONS FOR SUMMARY JUDGMENT OF PATENT INVALIDITY AND NONINFRINGEMENT, PURSUANT TO FED. R. CIV. P. 56 was served electronically upon the following counsel of record for Plaintiff Reebok International, Ltd.:

> Victoria L. Walton (BBO #650999)
> BURNS & LEVINSON LLP
> 125 Summer Street
> Boston, Massachusetts 02110-1624
> (617) 345-3000
> (617) 345-3299 facsimile
> vwalton@burnslev.com
>
> Donald R. Banowit (pro hac vice)
> STERNE KESSLER GOLDSTEIN & FOX, P.L.L.C.
> 1100  New York Avenue, N.W.
> Washington, D.C. 20005
> (202) 371-2600
> (202) 371-2540 facsimile
> dbanowit@skgf.com

Dated:  May 20, 2005                                    /s/ Peter T. Cobrin_____
                                                        Peter T. Cobrin (pro hac vice)

#101176 v1
105210-52957

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

REEBOK INTERNATIONAL, LTD.,

                    Plaintiff,

v.

WAL-MART STORES, INC.,

                    Defendant.

Civil Action No. 04-12668 (RGS)(RBC)
Hon. Richard G. Stearns, U.S.D.J.

**[PROPOSED] JUDGMENT**

THIS COURT having considered the cross motions of defendant Wal-Mart Stores, Inc. ("Wal-Mart"), pursuant to Fed. R. Civ. P. 56, for summary judgment in its favor and against plaintiff Reebok International Ltd. ("Reebok"), that U.S. Patent No. D495,127 ("the '127 patent"), asserted by Reebok:

    1.    Is not infringed by Wal-Mart's use, sale, offer for sale and manufacture of its "Oxide" shoe;

    2.    Is invalid as anticipated under 35 U.S.C. § 102 (a); and

    3.    Is invalid as being inadequately disclosed under 35 U.S.C. § 112, par. 1.

And this Court having considered the argument of both parties,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

Summary judgment is granted in favor of Wal-Mart and against Reebok that:

1.    the '127 patent is not infringed by Wal-Mart's use, sale, offer for sale and/or manufacture of its "Oxide" shoe;

2.    the '127 patent is invalid under 35 U.S.C. §102(a) as being anticipated; and

3.    the '127 patent is invalid under 35 U.S.C. §112, par. 1 as being inadequately disclosed.

Date:_____                _____

                                                                   Hon. Richard G. Stearns, U.S.D.J.