Irving H. Picard (BBO # 398820)
Peter T. Cobrin (pro hac vice)
pcobrin@gibbonslaw.com
GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 649-4700 ph
(212) 333-5980 fax

*ATTORNEYS FOR DEFENDANT,*
*WAL-MART STORES, INC.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REEBOK INTERNATIONAL, LTD., <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC., <br><br> Defendant. | Civil Action No. 04-12668 (RGS)(RBC) <br> Hon. Richard G. Stearns, U.S.D.J. |

### DECLARATION OF PETER T. COBRIN, ESQ. IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION AND MOTION FOR SUMMARY JUDGMENT, PURSUANT TO FED. R. CIV. P. 56(f) AND IN SUPPORT OF DEFENDANT'S CROSS MOTIONS FOR SUMMARY JUDGMENT

I, **PETER T. COBRIN**, hereby state under oath as follows:

1.  I am a member of the firm of Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C., and am admitted *pro hac vice* on behalf of defendant Wal-Mart Stores, Inc. ("Wal-Mart") in this action. I make this declaration in support of Wal-Mart's cross motions for summary judgment of patent invalidity and non-infringement and in opposition to the cross-motion of plaintiff Reebok International, Ltd. ("Reebok") for summary judgment of patent validity and the

1

motion of Reebok for summary judgment of patent infringement. This declaration is also provided pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

2. Attached as Exhibit E is an actual product of Wal-Mart which is alleged to infringe U.S. Patent No. D495,127 ("the '127 patent"). The product is known as the "Starter Oxide" shoe.

3. In accordance with Fed. R. Civ. P. 56(f), I submit this declaration to state that Wal-Mart would need to conduct discovery regarding the validity of the '127 patent to adequately and fully oppose any motion for summary judgment of patent validity.

4. At the very least, Wal-Mart must depose the inventors of the '127 patent concerning the patent's file history, the prior art disclosed to the Patent Office, prior art available but not disclosed to the Patent Office, and other questions regarding the patent application, the prosecution and the drawings, etc. Without this discovery, it is impossible for Wal-Mart (or any party) to fully and adequately oppose a motion for summary judgment of patent validity.

5. Based upon U.S. Patent No. 2,669,038 ("the '038 patent") and now the Chinese publication, Wal-Mart has moved and cross moved for summary judgment of patent invalidity of the '127 patent. Patent invalidity based upon design patent anticipation requires a comparison of the patent in suit to the prior art which allegedly anticipates the patent. That comparison is the particular allegedly anticipatory prior art to the patent in suit. Nothing further is required. For a finding of validity, however, the patent in suit must found valid over all prior art -- whether or not submitted to the U.S. Patent Office -- under 35 U.S.C. §§ 102 and 103, which govern anticipation and obviousness, as well as other issues. Likewise, the patent must be found valid in accordance with the requirements of 35 U.S.C. § 112. This includes such issues as the adequacy or sufficiency of disclosure, enablement, the sufficiency or adequacy of the drawings in a design patent, as well as numerous other issues including inventorship, conception, reduction to practice, etc.

#101179 v1
105210-52957

I declare under the penalty of perjury that the foregoing is true and correct.

Dated this ___20th_____ day of May, 2005.
New York, New York

                                        ___/s/ Peter T. Cobrin_____
                                        Peter T. Cobrin

#101179 v1
105210-52957

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed via Federal Express in compliance with Local Civil Rule 5.2. As such, a copy of this DECLARATION OF PETER T. COBRIN, ESQ. IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION AND MOTION FOR SUMMARY JUDGMENT, PURSUANT TO FED. R. CIV. P. 56(F) AND IN SUPPORT OF DEFENDANT'S CROSS MOTIONS FOR SUMMARY JUDGMENT was served electronically upon the following counsel of record for Plaintiff Reebok International, Ltd.:

> Victoria L. Walton (BBO #650999)
> BURNS & LEVINSON LLP
> 125 Summer Street
> Boston, Massachusetts 02110-1624
> (617) 345-3000
> (617) 345-3299 facsimile
> vwalton@burnslev.com
>
> Donald R. Banowit (pro hac vice)
> STERNE KESSLER GOLDSTEIN & FOX, P.L.L.C.
> 1100 New York Avenue, N.W.
> Washington, D.C. 20005
> (202) 371-2600
> (202) 371-2540 facsimile
> dbanowit@skgf.com

Dated: May 20, 2005

/s/ Peter T. Cobrin
Peter T. Cobrin (pro hac vice)

#101179 v1
105210-52957