Irving H. Picard (BBO # 398820)
Peter T. Cobrin (pro hac vice)
GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 649-4700 ph
(212) 333-5980 fax

*ATTORNEYS FOR DEFENDANT,*
*WAL-MART STORES, INC.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REEBOK INTERNATIONAL, LTD.,<br><br>                              Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>                              Defendant. | Civil Action No. 04-12668 (RGS)(RBC)<br>Hon. Richard G. Stearns, U.S.D.J. |

**DECLARATION OF THOMAS SINDLE IN OPPOSITION TO PLAINTIFF'S CROSS MOTION AND MOTION FOR SUMMARY JUDGMENT OF PATENT VALIDITY AND INFRINGEMENT, AND IN SUPPORT OF DEFENDANT'S CROSS MOTIONS FOR SUMMARY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT**

I, THOMAS SINDLE, hereby state under oath as follows:

1. I am the manager of Patent Drafting, LLC, a company that provides patent drafting services to patent attorneys in the metropolitan New York area.

2. I make this declaration in opposition to the cross-motion and motion, respectively, of plaintiff Reebok International, Ltd. ("Reebok") for summary judgment of patent validity and patent infringement, and in support of the cross-motions of defendant Wal-Mart Stores, Inc. ("Wal-Mart") for summary judgment of patent invalidity and patent non-infringement.

3. My educational background consists of two years of study of drafting at the Delahanty Institute of New York.

4. I am experienced in the drafting of figures and/or drawings for patent applications. I have drafted figures and/or drawings for both design patents as well as apparatus and method patents.

5. I have been a patent draftsperson for 44 years, in which time I have prepared over 85,000 sheets of patent drawings.

6. I am familiar with the drafting requirements of the U.S. Patent and Trademark Office ("PTO").

7. I have reviewed U.S. Patent No. D495,127 ("the '127 patent") at the request of counsel for defendant Wal-Mart.

8. I am advised that Reebok states that the '127 patent should be construed to include at least the following four elements (the "four elements"):

(a) A stair-stepped ridged portion of a midsole where one ridge protrudes further than the other ridge (the "first element");

(b) The stepped ridges are rounded at both the front and rear corners of the midsole portions (the "second element");

(c) Each stepped ridge is slightly higher at the rear of the midsole portion than in the middle (the "third element"); and

(d) Each ridge has a height which in relation to its overall length forms a long slender visual aspect ratio (the "fourth element").

9. I have reviewed the '127 patent, which includes figures 1 and 2, to determine if those figures adequately disclose each of the four elements. Likewise, I reviewed figures 1 and 2 to determine if there were other features disclosed that should be part of the claimed design.

#101181 v1
105210-52957

10. Figure 2 discloses the first element because it shows a stair-stepped ridge portion of a midsole wherein one ridge protrudes (extends) further in an outwardly direction than the other ridge throughout the length of the midsole. There is no showing in the figures whatsoever that this feature is not present at the rear of the midsole.

11. In looking at figure 1, it is extremely important to note that the figure presents an angled side view. The broken lines in the figure are not part of the patented design but are necessary to show the environment in which the design is associated. Thus, this design is associated in an environment which shows an angled side view of the midsole, which view has some depth perception. For example, in the view, one could see the opening in the shoe or sneaker for a foot.

12. With respect to the second element, in the angled side view of figure 1, by virtue of both hash marks and the curvature of the ridges, the rear corner of the midsole is shown to be curved or rounded. Specifically, in the patent drafting practice before the PTO, hash marks, which are parallel vertical lines spaced closely together, are indicative of curvature. Further, from the angled side view of figure 1, rounded corners are indicated by curvature. Likewise, based on the hash marks and a very slight curvature at the front of the midsole, there is a very slight rounding at the front of the midsole. Where there are no hash marks, there is no curvature. Moreover, the hash marks at the center of the midsole in both ridges indicate that the ridges are curved in the center of the midsole. From the figures, the slight upward bowing of the bottom edge of each ridge indicates that this curvature is concave.

13. With respect to the third element, it is impossible to determine from figures 1 or 2 that the top of each stepped ridge is higher at the rear of the midsole than in the middle of the midsole. There is absolutely no indication provided in figure 1 which demonstrates a height difference throughout the length of the ridge. As I state above, given the orientation of the angled side view of figure 1, any curvature is due to the curving or rounding of the ridges at the rear and (slightly) at the front of the midsole. If the height of the ridges at the rear were higher

than at other points along the midsole, the figure should show variation in the thickness of the ridges at the rear.

14. Alternatively, in the event that the '127 patent is construed to include the third element of Reebok, viz., that each stepped ridge is slightly higher at the rear of the midsole portion than in the middle, based on figure 1 of the '127 patent, the patent should further be construed to include the requirement that each stepped ridge portion also is slightly higher at the front of the midsole portion than in the middle.

15. The fourth element is merely that each ridge has a height which in relation to its overall length forms a long slender visual aspect ratio. This rather non-descript element would appear to be part of figure 1. I note that such a feature could be satisfied by any ridge that is several times greater in length than in height.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated this _19_ day of May, 2005.
New York, New York

*Thomas Lindle* (signature)