Irving H. Picard (BBO # 398820)
Peter T. Cobrin (pro hac vice)
pcobrin@gibbonslaw.com
GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 649-4700 ph
(212) 333-5980 fax

*ATTORNEYS FOR DEFENDANT,
WAL-MART STORES, INC.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REEBOK INTERNATIONAL, LTD.,<br><br>                              Plaintiff,<br>v.<br><br>WAL-MART STORES, INC.,<br><br>                              Defendant. | Civil Action No. 04-12668 (RGS)(RBC)<br>Hon. Richard G. Stearns, U.S.D.J. |

## DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS CROSS MOTIONS FOR SUMMARY JUDGMENT OF PATENT INVALIDITY AND NON-INFRINGEMENT, PURSUANT TO FED. R. CIV. P. 56

Pursuant to Fed. R. Civ. P. 56 and D.Mass. Local Rule ("L.R.") 56.1, and as part of its cross-motions for Summary Judgment of patent invalidity and infringement, defendant Wal-Mart Stores, Inc. ("Wal-Mart") submits this statement of material facts of record as to which there is no genuine issue to be tried.

1. Wal-Mart repeats and reasserts each of the material facts set forth in its statement of material facts in support of its motion for summary judgment of patent invalidity, as though fully set forth herein. (See Docket No. 11).

1

2. In opposing Wal-Mart's motion for summary judgment of patent invalidity, plaintiff Reebok International, Ltd. ("Reebok") proffers a claim construction of U.S. Design Patent No. D495,127 ("the '127 patent") which includes the following four elements (the "four elements"):

(a) A stair-stepped ridged portion of a midsole where one ridge protrudes further than the other ridge (the "first element");

(b) The stepped ridges are rounded at both the front and rear corners of the midsole portions (the "second element");

(c) Each stepped ridge is slightly higher at the rear of the midsole portion than in the middle (the "third element"); and

(d) Each ridge has a height which in relation to its overall length forms a long slender visual aspect ratio (the "fourth element"). (Reebok's Memorandum in Opposition to Defendant's Motion for Summary Judgment of Patent Invalidity and in Support of Reebok's Cross-Motion for Summary Judgment of Patent Validity and Reebok's Motion for Summary Judgment of Patent Infringement ("Reebok Mem.") at 4-5; Reebok's Concise Statement of Material Facts Pursuant to Local Rule 56.1 ("Reebok 56.1 Statement") at ¶¶12-17).

3. Figure 1 of the '127 patent provides an angled side view of the ridged midsole of a shoe. The environment of the view or perspective of the view is provided by the broken lines which show a sneaker with some depth perception. The opening in the sneaker for a foot can be seen in the view. As there is depth perception to the view, the view is not a complete side view but rather a side view from an angle. (Declaration of David K.S. Cornwell, Esq. ("Cornwell Dec."), submitted by Reebok, Ex. A, Figure 1).

4. Figure 1 depicts vertical hash marks at the rear, the front and the middle of the midsole. (Cornwell Dec. Ex. A, Figure 1).

#101183 v1
105210-52957

5. Reebok argues that vertical hash marks in figure 1 of the '127 patent depict curvature or rounding. (Reebok Memorandum at 5; Reebok 56.1 Statement at ¶¶14-15).

6. If the vertical hash marks in figure 1 of the '127 patent depict curvature of the rear and front portions of the midsole, the hash marks must also depict rounding or curvature at the center of the midsole (the "missing element"). (Cornwell Dec. Ex. A, Figure 1).

7. Figure 1 of the '127 patent shows a rounding of the ridges at the rear of the midsole. It also shows a slight rounding of the ridges at the front of the midsole. There is also a bowing of the edges of the ridges in the center of the midsole indicating a concave curvature at the center. (Cornwell Dec. Ex. A, Figure 1; compare Declaration of Thomas Sindle in Opposition to Plaintiff's Cross Motion and Motion for Summary Judgment of Patent Validity and Infringement and in Support of Defendant's Cross Motions for Summary Judgment of Patent Invalidity and Non-Infringement ("Sindle Dec."), ¶ 13.

8. The third element, that the height of the ridges is greater in the rear than in the center, cannot be surmised from figure 1. (Cornwell Dec. Ex. A, Figure 1; compare Reebok memorandum at 5; see Sindle Dec. at ¶ 13).

9. The '127 patent does not contain a sufficient number of views to disclose the third element. That is, it is impossible to determine if the height of the ridges is greater in the rear of the midsole than in the center. (Cornwell Dec. Ex. A, Figure 1; Sindle Dec. at ¶ 13).

10. To provide such a feature, an indication of height would have to be provided or an additional view such as to provide a true side view with height indications. No such view was provided in the '127 patent. (Cornwell Dec. Ex. A, Figure 1; Sindle Dec. at ¶ 13).

11. The third element is not completely disclosed by the '127 patent because there is not a sufficient number of views to constitute a complete disclosure. (Cornwell Dec. Ex. A, Figure 1; Sindle Dec. at ¶ 13).

#101183 v1
105210-52957

12. An exemplar of the accused Wal-Mart product is provided as Exhibit E. (Cobrin Dec. Ex. E).

13. The accused Wal-Mart product has no curvature of the ridges in the center of the midsole portion. (Cobrin Dec. Ex. E).

14. The accused Wal-Mart product does not have one ridge protruding further than another ridge throughout the perimeter of the midsole. (Cobrin Dec. Ex. E).

15. The accused Wal-Mart product's ridges are planar in the rear. Specifically, the sole of the Wal-Mart product is raised in the rear so that both ridges end at the sole such that neither ridge is protruding. (Cobrin Dec. Ex. E).

16. The accused Wal-Mart product has ridges which are higher in the center of the midsole than at the rear portion thereof. (Cobrin Dec. Ex. E).

17. Therefore, the third element of the claim construction proffered by Reebok, that the height of the ridges in the rear of the midsole is higher than in the center is not present in the accused Wal-Mart products. (Cobrin Dec. Ex. E; compare Reebok Mem. at 5).

18. The accused Wal-Mart product does not meet the first element or the third element of the claim construction proffered by Reebok, and does not contain the missing element (rounding/curvature at the center of the midsole). (Cobrin Dec. Ex. E; compare Reebok Mem. at 5, Cornwell Dec. Ex. A, Fig. 1).

19. To the extent that the '127 patent is construed to include the third element proffered by Reebok, namely, that stepped ridge is slightly higher at the rear of the midsole portion than in the middle, the '127 patent must also be construed, based on figure 1, to include the additional element that the stepped ridge is also slightly higher at the front of the midsole than in the middle (the "second missing element"). (Cornwell Dec. Ex. A, Figure 1; see Reebok Mem. at 5, Reebok 56.1 Statement at ¶16).

#101183 v1
105210-52957

20. The Chinese publication is attached as Exhibit D to the Declaration of Xu Yiping ("Xu Dec."). The Chinese publication is prior art to the '127 patent in that it was published before the application for the '127 patent was filed. (See Xu Dec. Ex. D; compare Cornwell Dec. Ex. A).

21. The Chinese publication discloses each of the four elements of the claim construction of the '127 patent proffered by Reebok. (Xu Dec. Ex. D; compare Reebok Mem. at 5; Reebok 56.1 Statement at ¶¶12-17).

Respectfully submitted,

Dated: May 20, 2005

GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.

By: /s/ Peter T. Cobrin
Irving H. Picard (BBO # 398820)
Peter T. Cobrin (pro hac vice)
pcobrin@gibbonslaw.com
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 649-4700 ph
(212) 333-5980 fax

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed via Federal Express in compliance with Local Civil Rule 5.2. As such, a copy of this DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS CROSS MOTIONS FOR SUMMARY JUDGMENT OF PATENT INVALIDITY AND NON-INFRINGEMENT, PURSUANT TO FED. R. CIV. P. 56 was served electronically upon the following counsel of record for Plaintiff Reebok International, Ltd.:

Victoria L. Walton (BBO #650999)
BURNS & LEVINSON LLP
125 Summer Street
Boston, Massachusetts 02110-1624
(617) 345-3000
(617) 345-3299 facsimile
vwalton@burnslev.com

Donald R. Banowit (pro hac vice)
STERNE KESSLER GOLDSTEIN & FOX, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-2600
(202) 371-2540 facsimile
dbanowit@skgf.com

Dated: May 20, 2005

/s/ Peter T. Cobrin
Peter T. Cobrin (pro hac vice)

#101183 v1
105210-52957