Irving H. Picard (BBO # 398820)
Peter T. Cobrin (pro hac vice)
pcobrin@gibbonslaw.com
GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 649-4700 ph
(212) 333-5980 fax

*ATTORNEYS FOR DEFENDANT,*
*WAL-MART STORES, INC.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REEBOK INTERNATIONAL, LTD.,<br><br>  Plaintiff,<br>v.<br><br>WAL-MART STORES, INC.,<br><br>  Defendant. | Civil Action No. 04-12668 (RGS)(RBC)<br>Hon. Richard G. Stearns, U.S.D.J. |

## RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

Defendant, Wal-Mart Stores, Inc. ("Wal-Mart" or "defendant") submits this response to the statement of material facts pursuant to Local Rule 56.1 submitted by plaintiff Reebok International, Ltd. ("Reebok") in support of Reebok's cross motion for summary judgment of validity and motion for summary judgment of infringement. Each numbered paragraph corresponds to the paragraph number of Reebok.

1. Wal-Mart disputes paragraph 1 of Reebok's Statement as not material. The filing of the above action and the description thereof is not a material fact to Reebok's motions.

2. Wal-Mart disputes paragraph 1 of Reebok's Statement as not material. Service of the complaint is not a material fact to Reebok's motions.

3. Wal-Mart disputes paragraph 3 of Reebok's Statement as not material. Wal-Mart's filing of an answer is not material to Reebok's motions.

4. Wal-Mart admits paragraph 4 of Reebok's Statement

5. Wal-Mart disputes paragraph 5 of Reebok's Statement. The correct claim construction of the '127 patent is to a two stepped ridged portion of a midsole on the side of the shoe, where the stepped ridges are of unequal perimeter side such that one ridge extends further in an outwardly direction than the other. The ridges are rounded in the rear and center of the midsole. The length of each ridge is much greater than its width. That is it.

6. The '127 patent is a matter of public record as are its contents.

7. The date of issuance of the '127 patent is a matter of public record.

8. Wal-Mart does not dispute that Reebok owns the '127 patent.

9. Wal-Mart disputes paragraph 9 of Reebok's Statement as misleading. Figures 1 and 2 are not properly reproduced by Reebok. Likewise, the annotations are not adequately described and are provided to overlook claim elements and create nonexistent claim elements.

10. Wal-Mart disputes paragraph 10 of Reebok's Statement. Figure 1 provided in the '127 patent is an angled side view, which includes the environmental background of a sneaker where depth perception is such that one can see the opening for the foot of the sneaker. (Cornwell Dec. Ex. A, Fig. 1).

11. Figure 2 is provided. No further description is necessary.

12. Wal-Mart admits paragraph 12 of Reebok's Statement.

13. Wal-Mart disputes paragraph 13 of Reebok's Statement as incomplete. Figures 1 and 2 show that one ridge protrudes further in an outwardly direction than the other ridge,

throughout the length of the midsole. Both figures demonstrate that one ridge extends further in an outwardly direction than the other throughout the length of the midsole. (Cornwell Dec. Ex. A, Fig. 1).

14.   Wal-Mart disputes paragraph 14 of Reebok's Statement. Figure 1 of the '127 patent shows that the rear of the midsole is curved or rounded. Figure 1 shows that the front of the midsole shows, at best, a very slight rounding or curvature. This is shown by the curving of the ridges in the angled side view provided in figure 1. (Cornwell Dec. Ex. A, Fig. 1; Sindle Dec. ¶¶11, 13).

15.   Wal-Mart disputes paragraph 15 of Reebok's Statement as incomplete. Figure 1 of the '127 patent has closely spaced vertical lines, or hash marks, in the front, center and rear portions of the midsole. The hash marks illustrate roundness. Thus, the hash marks do not simply illustrate roundness of the front corner of the midsole portion or a very slight roundness at the rear corner of the midsole. Rather, the hash marks illustrate roundness in the front and center of the midsole portion as well as a very slight roundness at the rear corner. The hash marks in the center, ignored by Reebok, are critical to the claim construction and the infringement analysis. (Cornwell Dec. Ex. A, Fig. 1; Sindle Dec. ¶¶11, 12).

16.   Wal-Mart disputes paragraph 16 of Reebok's Statement. Figure 1 provides an angled side view. The curvature at the rear of the midsole and slight curvature at the front of the midsole illustrate what they appear to illustrate -- that the ridges in the front and rear of the midsole are curved or rounded. There is no difference in height indicated at all in figure 1. Based upon the view provided, the height of the ridges appear the same throughout the midsole. (Cornwell Dec. Ex. A, Fig. 1; Sindle Dec. ¶¶11-13).

17.   Wal-Mart admits paragraph 17 of Reebok's Statement. However, if having a "vertical height which is relation to its overall length forms a long slender visual aspect ratio," means that the ridges are much great in length than in height, Wal-Mart notes that the same must be said of the depiction in the '038 patent and the Chinese publication.

#101182 v1
105210-52957

18.  The dates and issuance of the '038 patent are a matter of public record.

19.  Wal-Mart disputes paragraph 19 of Reebok's Statement. Reebok has not provided a side by side comparison of the '127 patent design to that disclosed in the '038 patent. Figure 1 of the '127 patent is an angled side view, which provides a depth perception view such that the viewer can see the opening in the sneaker for a foot which is shown by the dotted lines. In stark contrast, the side view of Fig. 1 of the '038 patent provides no depth perception at all. It is a head on side view as opposed to an angled side view. Therefore, in the '038 patent, roundness or curvature could only be depicted by hash marks since one could not see the ridges curved at all in the view. In an angled top view, rounded ridges are shown not only by hash marks but also by virtue of the ridges themselves curving. (Cornwell Dec. Ex. A, Ex. G).

20.  Wal-Mart disputes paragraph 20 of Reebok's Statement as not material. Roundness or curvature of the front corner of the midsole is not a material element of the '127 patent.

21.  Wal-Mart disputes paragraph 21 of Reebok's Statement as not material. The lack of roundness in the front of the midsole in the '038 patent is not a significant feature in the '127 patent.

22.  Wal-Mart disputes paragraph 22 of Reebok's Statement. The '127 patent does not show any change in height in the ridges. The '127 patent has no such element. As such, the failure of the '038 patent to show any change in height is merely indicative of its anticipation the '127 patent. (Cornwell Dec. Ex. A, Ex. G; Sindle Dec. ¶¶12-13).

23.  Wal-Mart disputes paragraph 23 of Reebok's Statement. In both the '127 and '038 patents, the ridges are several times longer in length than they are in width. (Cornwell Dec. Ex. A, Fig. 1; Ex. G, Fig. 1).

24.  Wal-Mart disputes paragraph 24 of Reebok's Statement. The '038 patent is substantially similar in appearance in the eyes of an ordinary observer to the claimed design. If

#101182 v1
105210-52957

the head on side view of the '038 patent is angled, the ridges would appear curved at the rear and, the length of the ridges is far greater than the height of the ridges. Any curvature of the front is insignificant. (Cornwell Dec. Ex. A, Fig. 1; Ex. G, Fig 1; Sindle Dec. ¶¶11-13).

24-36.  Wal-Mart disputes paragraphs 24-36 of Reebok's Statement as not material. The prosecution history is not material to the motions in question. However, to the extent that plaintiff relies on the prosecution history, Wal-Mart notes that Reebok simply shows that, under Fed.R.Civ.P. 56(f), Wal-Mart must be given an opportunity to conduct discovery which discovery would include depositions relating the file history, the actions taken by the examiner and the actions taken by the inventor in addition to the prior art considered and prior art that was not considered.

37.  Wal-Mart admits paragraph 37 of Reebok's Statement. Wal-Mart provides as Exhibit E to the Cobrin Declaration the oxide shoe that it has offered for sale and sold.

38.  Wal-Mart disputes paragraph 38 of Reebok's Statement. The reproduction of the women's oxide shoe is inaccurate. Specifically, the reproduction does not show the height variation in the ridges nor that the rear of the midsole has the sole increasing in height to the point where both ridges end at the sole and are coplanar. See Cobrin Dec. Ex. E.

39.  See response to 38.

40.  Wal-Mart disputes paragraph 40 of Reebok's statement as incomplete and misleading. The oxide shoe does not have ridges where one ridge extends further in an outwardly direction than the other ridge throughout the midsole. Instead, at the rear of the midsole, the ridges are coplanar, meaning they both end at the same point which is at the sole such that neither ridge protrudes further in an outwardly direction than the other. (Cobrin Dec. Ex. E).

41.  Wal-Mart disputes paragraph 41 of Reebok's Statement as incomplete. The oxide shoe has ridges which are rounded at the front and rear corners of the midsole portion but are not

rounded or curved in the center of the midsole portion. (Cobrin Dec. Ex. E; Cornwell Dec. Ex. A, Fig. 1; Sindle Dec. ¶¶11-13).

42. Wal-Mart disputes paragraph 42 of Reebok's Statement. The oxide shoe has ridges which increase in height at the rear, at the front and in the center of the midsole portion. The stepped ridges are not higher at the rear than they are in the middle of the midsole portion. (Cobrin Dec. Ex. E).

43. Wal-Mart admits paragraph 43 of Reebok's Statement. The ridges of the oxide shoes are several times longer in length than they are in height.

44. Wal-Mart disputes paragraph 44 of Reebok's Statement. The oxide shoe does not have several of the elements claimed by Reebok for the '127 patent claim construction. The first and third elements are not met by the oxide shoe. Moreover, the oxide shoe does not have the missing element. (See Reebok Mem. at 4-5; Cornwell Dec. Ex. A; Sindle Dec. ¶¶11-13).

Respectfully submitted,

Dated: May 20, 2005

GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.

By: /s/ Peter T. Cobrin
Irving H. Picard (BBO # 398820)
Peter T. Cobrin (pro hac vice)
pcobrin@gibbonslaw.com
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 649-4700 ph
(212) 333-5980 fax

*Attorneys for Defendant
Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed via Federal Express in compliance with Local Civil Rule 5.2. As such, a copy of this RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1 was served electronically upon the following counsel of record for Plaintiff Reebok International, Ltd.:

>Victoria L. Walton (BBO #650999)
>BURNS & LEVINSON LLP
>125 Summer Street
>Boston, Massachusetts 02110-1624
>(617) 345-3000
>(617) 345-3299 facsimile
>vwalton@burnslev.com

>Donald R. Banowit (pro hac vice)
>STERNE KESSLER GOLDSTEIN & FOX, P.L.L.C.
>1100 New York Avenue, N.W.
>Washington, D.C. 20005
>(202) 371-2600
>(202) 371-2540 facsimile
>dbanowit@skgf.com

Dated: May 20, 2005

/s/ Peter T. Cobrin
Peter T. Cobrin (pro hac vice)

#101182 v1
105210-52957