UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

REEBOK INTERNATIONAL LTD.,

                Plaintiff,

   v.

WAL-MART STORES, INC.,

                Defendant.

Civil Action No. 04-12668 (RGS)(RBC)
Honorable Richard G. Stearns

REEBOK'S RESPONSE TO WAL-MART'S RULE 56.1 STATEMENT OF MATERIAL FACTS

Pursuant to Local Rule 56.1, Plaintiff, Reebok International Ltd. ("Reebok"), provides the following response to Defendant, Wal-Mart Stores, Inc.'s ("Wal-Mart"), Local Rule 56.1 Statement of Material Facts submitted with Wal-Mart's Cross-Motions for Summary Judgment of Patent Invalidity and Non-infringement (hereinafter "Wal-Mart's Statement").

    1.    Reebok repeats and reasserts the responses provided in Reebok's Response to Wal-Mart's Rule 56.1 Statement of Material Facts in Support of Wal-Mart's first Motion for Summary Judgment of Invalidity, as though fully set forth herein.

    2.    Reebok disputes ¶ 2 of Wal-Mart's Statement as inaccurate to the extent that Wal-Mart characterizes the discussion provided at Reebok Mem. 4-5 and Reebok 56.1 Statement ¶¶ 12-17 as Reebok's proffered claim construction. Reebok maintains that the proper construction of the claimed design encompasses its visual appearance as a whole, which is not best expressed in words. Contessa Food Prods., Inc. v. Conagra, Inc., 282 F.3d 1370, 1376 (Fed. Cir. 2002) ("[T]he scope of the claimed design encompasses 'its visual appearance as a whole,' and in particular 'the visual appearance it creates.'")(quoting Durling v. Spectrum Furniture Co.,

1

101 F.3d 100, 104-105 (Fed. Cir. 1996)). Nevertheless, the scope of a design patent claim is a question of law to be determined by the Court, and therefore, does not create issues of material fact. Bernhardt, L.L.C. v. Collezione Europa USA, Inc., 386 F.3d 1371, 1376 (Fed. Cir. 2004).

On the other hand, to the extent Reebok can articulate some of the points of novelty of the Reebok patent, they are at least the combination of elements identified in Reebok 56.1 Statement at ¶¶ 12-17, which is not found in prior footwear designs; that is the design includes a stair-stepped ridged portion of a midsole, where one ridge protrudes further than the other ridge, and where (1) the stepped ridges are rounded at both the front and rear corners of the midsole portion, (2) each stepped ridge is slightly inclined at the rear of the midsole portion, and (3) each ridge has a height which in relation to its overall length forms a long, slender visual aspect ratio.

3.  Reebok disputes ¶ 3 of Wal-Mart's Statement as not material. The claimed design is the portion of the midsole, of the shoe depicted in Fig. 1, provided in full lines. The remainder of the shoe depicted in Fig. 1, including the remaining portion of the midsole, is not claimed, but is provided in broken lines as an indication of the visible environmental structure in which the claimed invention can be found. Broken lines have been interpreted as "for illustrative purposes only and form no part of the claimed design." Door-Master Corp. v. Yorktowne, Inc., 256 F.3d 1308, 1310 (Fed. Cir. 2001).

4.  Reebok admits ¶ 4 of Wal-Mart's Statement to the extent that unevenly spaced vertical hash lines are provided at the front and rear of the claimed design in Fig. 1 of the Reebok patent and evenly spaced hash lines are provided in the central portion of the claimed design in Fig. 1 of the Reebok patent.

5.  Reebok disputes ¶ 5 of Wal-Mart's Statement as incomplete. Reebok admits that the vertical hash lines provided at the front and rear of the claimed design in Fig. 1 of the Reebok

patent are provided to illustrate curvature in these areas. However, such curvature is not apparent from the hash lines alone, but also from the particular spacing of the hash lines. At the front and rear of the claimed design, the hash lines are unevenly spaced, such that the hash lines are spaced far apart in the foreground and become closer together as the curvature is directed towards the background. Nevertheless, the scope of a design patent claim is a question of law to be determined by the Court, and therefore, does not create issues of material fact. Bernhardt, L.L.C. v. Collezione Europa USA, Inc., 386 F.3d 1371, 1376 (Fed. Cir. 2004).

6.  Reebok denies and disputes ¶ 6 of Wal-Mart's Statement. Wal-Mart's contention that the hash lines provided at the center of the claimed design are provided to illustrate curvature is not only wrong, it is unfathomable that Wal-Mart would proffer such an argument. Wal-Mart's argument fails to appreciate that curvature is not apparent from the hash lines alone, but also from the particular spacing of the hash lines. At the front and rear of the claimed design, the hash lines are unevenly spaced, such that the hash lines are spaced far apart in the foreground and become closer together as the curvature is directed towards the background. Such indication of curvature is not provided in the hash lines in the central portion of the claimed design. Rather, the hash lines in the central portion of the claimed design are evenly spaced, to illustrate flatness (no curvature). Nevertheless, the scope of a design patent claim is a question of law to be determined by the Court, and therefore, does not create issues of material fact. Bernhardt, L.L.C. v. Collezione Europa USA, Inc., 386 F.3d 1371, 1376 (Fed. Cir. 2004).

7.  Reebok admits ¶ 7 of Wal-Mart's Statement to the extent that unevenly spaced vertical hash lines are provided at the front and rear of the claimed design in Fig. 1 of the Reebok patent to illustrate curvature in these areas. Reebok denies ¶ 7 of Wal-Mart's Statement to the extent that a concave curvature is not depicted at the center of the claimed design. Rather,

evenly spaced hash lines are provided in the central portion of the claimed design in Fig. 1 of the Reebok patent to illustrate flatness (no curvature).  Nevertheless, the scope of a design patent claim is a question of law to be determined by the Court, and therefore, does not create issues of material fact.  Bernhardt, L.L.C. v. Collezione Europa USA, Inc., 386 F.3d 1371, 1376 (Fed. Cir. 2004).

8-11.    Reebok disputes ¶¶ 8-11 of Wal-Mart's Statement as inaccurate to the extent that Wal-Mart characterizes the discussion provided at Reebok Mem. 4-5 and Reebok 56.1 Statement ¶¶ 12-17 as Reebok's proffered claim construction.  Reebok maintains that the proper construction of the claimed design encompasses its visual appearance as a whole, which is not best expressed in words.  Contessa Food Prods., Inc. v. Conagra, Inc., 282 F.3d 1370, 1376 (Fed. Cir. 2002) ("[T]he scope of the claimed design encompasses 'its visual appearance as a whole,' and in particular 'the visual appearance it creates.")(quoting Durling v. Spectrum Furniture Co., 101 F.3d 100, 104-105 (Fed. Cir. 1996)).  Nevertheless, the scope of a design patent claim is a question of law to be determined by the Court, and therefore, does not create issues of material fact.  Bernhardt, L.L.C. v. Collezione Europa USA, Inc., 386 F.3d 1371, 1376 (Fed. Cir. 2004).

Reebok also disputes ¶¶ 8-11 of Wal-Mart's Statement as inaccurate to the extent that Wal-Mart has misinterpreted Reebok's discussion of the incline at the rear of the claimed design, among the novel combination of elements identified in Reebok's 56.1 Statement at ¶¶ 12-17.  As stated in ¶ 16 of Reebok's 56.1 Statement, at the rear of the claimed design, the stepped ridges appear to *incline* slightly with respect to the ground, such that the *top* of each stepped ridge appears slightly *higher* at the rear of the claimed design than at the middle of the claimed design. Contrary to Wal-Mart's contention, there is no discussion that the *height* of the stepped ridges in the claimed design is *greater* in the rear of the midsole than in the center.

4

Accordingly, whether or not "the height of the ridges is greater in the rear than in the center" can be surmised from Fig. 1 of the Reebok patent is not a material fact. Further, whether there are a sufficient number of views in the Reebok patent to determine if "the height of the ridges is greater in the rear of the midsole than in the center" is not a material fact.

12. Reebok admits ¶ 12 of Wal-Mart's Statement. It is Reebok's understanding that a single shoe from a pair of the women's Oxide Shoes was submitted to the Court as Exhibit E to Cobrin's Declaration. Wal-Mart has also offered for sale and sold the Oxide shoes in the United States in men's and youth's versions.

13. Reebok disputes ¶ 13 of Wal-Mart's Statement as not material. Whether there is curvature in the center of the midsole of the accused Wal-Mart product is not a material fact, as there is no curvature in the center of the claimed design. Further, even if Wal-Mart were correct, regarding what is shown by the Reebok patent, the Reebok patent would still be valid and infringed. The case law is clear, minor differences do not avoid infringement or preclude the grant of summary judgment. For example, the exclusion of several features and the modification of others on an accused shoe sole did not avoid grant of summary judgment of infringement (and affirmation by the Federal Circuit) when it was found that an accused shoe sole had the same overall appearance as the patented shoe sole in the Avia case. See Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1565 (Fed. Cir. 1988). Simply put, the Oxide shoes satisfy the two part test for infringement, because they have the same overall appearance as Reebok's patented design (Gorham) and the Oxide shoes misappropriate novel features of the Reebok patent (Litton).

14. Reebok disputes ¶ 14 of Wal-Mart's Statement as not material. Whether one of the stepped ridges of the accused Oxide shoes protrudes further than another ridge throughout the

5

perimeter of the midsole of the accused Oxide shoes is not a material fact, as there is no requirement that the claimed design continue throughout the entire perimeter of the heel portion of the midsole. In fact, the claimed design is for a "*portion of a midsole*." Further, even if Wal-Mart were correct, regarding what is shown by the Reebok patent, the Reebok patent would still be valid and infringed. The case law is clear, minor differences do not avoid infringement or preclude the grant of summary judgment. For example, the exclusion of several features and the modification of others on an accused shoe sole did not avoid grant of summary judgment of infringement (and affirmation by the Federal Circuit) when it was found that an accused shoe sole had the same overall appearance as the patented shoe sole in the Avia case. See Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1565 (Fed. Cir. 1988). Simply put, the Oxide shoes satisfy the two part test for infringement, because they have the same overall appearance as Reebok's patented design (Gorham) and the Oxide shoes misappropriate novel features of the Reebok patent (Litton).

15.   Reebok disputes ¶ 15 of Wal-Mart's Statement as not material. Whether the stepped ridges of the accused Oxide shoes are planar in the rear of the accused Oxide shoes, such that neither ridge is protruding, is not a material fact, as there is no requirement that the claimed design continue around the entire perimeter of the heel portion of the midsole. In fact, the claimed design is for a "*portion of a midsole*." Further, even if Wal-Mart were correct, regarding what is shown by the Reebok patent, the Reebok patent would still be valid and infringed. The case law is clear, minor differences do not avoid infringement or preclude the grant of summary judgment. For example, the exclusion of several features and the modification of others on an accused shoe sole did not avoid grant of summary judgment of infringement (and affirmation by the Federal Circuit) when it was found that an accused shoe sole had the same

overall appearance as the patented shoe sole in the Avia case. See Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1565 (Fed. Cir. 1988). Simply put, the Oxide shoes satisfy the two part test for infringement, because they have the same overall appearance as Reebok's patented design (Gorham) and the Oxide shoes misappropriate novel features of the Reebok patent (Litton).

16.  Reebok disputes ¶ 16 of Wal-Mart's Statement as not material. Whether the stepped ridges of the accused Oxide shoes are higher in the center of the midsole of the accused Oxide shoes than in the rear of the midsole of the accused Oxide shoes is not a material fact, as there is no requirement that the *height* of the stepped ridges in the claimed design is *greater* in the rear of the midsole than in the center. Further, even if Wal-Mart were correct, regarding what is shown by the Reebok patent, the Reebok patent would still be valid and infringed. The case law is clear, minor differences do not avoid infringement or preclude the grant of summary judgment. For example, the exclusion of several features and the modification of others on an accused shoe sole did not avoid grant of summary judgment of infringement (and affirmation by the Federal Circuit) when it was found that an accused shoe sole had the same overall appearance as the patented shoe sole in the Avia case. See Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1565 (Fed. Cir. 1988). Simply put, the Oxide shoes satisfy the two part test for infringement, because they have the same overall appearance as Reebok's patented design (Gorham) and the Oxide shoes misappropriate novel features of the Reebok patent (Litton).

17.  Reebok disputes ¶ 17 of Wal-Mart's Statement as inaccurate to the extent that Wal-Mart characterizes the discussion provided at Reebok Mem. 4-5 and Reebok 56.1 Statement ¶¶ 12-17 as Reebok's proffered claim construction. Reebok maintains that the proper construction of the claimed design encompasses its visual appearance as a whole, which is not

best expressed in words. Contessa Food Prods., Inc. v. Conagra, Inc., 282 F.3d 1370, 1376 (Fed. Cir. 2002) ("[T]he scope of the claimed design encompasses 'its visual appearance as a whole,' and in particular 'the visual appearance it creates.'")(quoting Durling v. Spectrum Furniture Co., 101 F.3d 100, 104-105 (Fed. Cir. 1996)). Nevertheless, the scope of a design patent claim is a question of law to be determined by the Court, and therefore, does not create issues of material fact. Bernhardt, L.L.C. v. Collezione Europa USA, Inc., 386 F.3d 1371, 1376 (Fed. Cir. 2004).

Reebok also disputes ¶ 17 of Wal-Mart's Statement as inaccurate to the extent that Wal-Mart has misinterpreted Reebok's discussion of the incline at the rear of the claimed design, among the novel combination of elements identified in Reebok's 56.1 Statement at ¶¶ 12-17. As stated in ¶ 16 of Reebok's 56.1 Statement, at the rear of the claimed design, the stepped ridges appear to *incline* slightly with respect to the ground, such that the *top* of each stepped ridge appears slightly *higher* at the rear of the claimed design than at the middle of the claimed design. Contrary to Wal-Mart's contention, there is no discussion that the *height* of the stepped ridges in the claimed design is *greater* in the rear of the midsole than in the center.

Reebok disputes ¶ 17 of Wal-Mart's Statement as not material. Whether the stepped ridges of the accused Oxide shoes are higher in the center of the midsole of the accused Oxide shoes than in the rear of the midsole of the accused Oxide shoes is not a material fact, as there is no requirement that the *height* of the stepped ridges in the claimed design is *greater* in the rear of the midsole than in the center. Further, even if Wal-Mart were correct, regarding what is shown by the Reebok patent, the Reebok patent would still be valid and infringed. The case law is clear, minor differences do not avoid infringement or preclude the grant of summary judgment. For example, the exclusion of several features and the modification of others on an accused shoe sole did not avoid grant of summary judgment of infringement (and affirmation by the Federal

Circuit) when it was found that an accused shoe sole had the same overall appearance as the patented shoe sole in the Avia case.  See Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1565 (Fed. Cir. 1988).  Simply put, the Oxide shoes satisfy the two part test for infringement, because they have the same overall appearance as Reebok's patented design (Gorham) and the Oxide shoes misappropriate novel features of the Reebok patent (Litton).

18.    Reebok disputes ¶ 18 of Wal-Mart's Statement as not material for at least the reasons discussed above with respect to ¶¶ 13-17 of Wal-Mart's Statement.

19.    Reebok disputes ¶ 19 of Wal-Mart's Statement as not a statement of material fact.  ¶ 19 of Wal-Mart's Statement is an opinion as to claim construction.  The scope of a design patent claim is a question of law to be determined by the Court, and therefore, does not create issues of material fact.  Bernhardt, L.L.C. v. Collezione Europa USA, Inc., 386 F.3d 1371, 1376 (Fed. Cir. 2004).

20.    Reebok disputes ¶ 20 of Wal-Mart's Statement as not material.  The publication date of the Chinese Leather News Publication attached as Exhibit D to the Declaration of Xu Yiping appears to be January 28, 2003, which is less than one year before the priority date  (June 27, 2003) of the Reebok patent.  Publications less than a year before the earliest priority date of a patent application (the earliest filing date of the priority application) can only be prior art if before the date of invention or design by Reebok.  35 U.S.C. § 102(a) ("[a] person shall be entitled to a patent unless…the invention was … described in a publication in this or a foreign country, *before the invention thereof* by the applicant for patent.") (emphasis added).  Accordingly, whether the Chinese Leather News Publication was "published before the application for the '127 patent was filed" is irrelevant.

Nevertheless, an inquiry as to the availability of the Chinese Leather News Publication as prior art under 35 U.S.C. § 102(a) is not necessary, as the skate shown therein bearing the trademark "HYPNO" ("the HYPNO skate") is not identical in all material aspects to the Reebok patent. The HYPNO skate does not teach each and every feature of the claimed design and does not provide the same overall appearance as the claimed design. In light of the differences between the design of the Reebok patent and the HYPNO skate, a reasonable jury could not conclude that Wal-Mart has met its burden of showing anticipation by clear and convincing evidence.

21.     Reebok disputes ¶ 21 of Wal-Mart's Statement as inaccurate to the extent that Wal-Mart characterizes the discussion provided at Reebok Mem. 4-5 and Reebok 56.1 Statement ¶¶ 12-17 as Reebok's proffered claim construction. Reebok maintains that the proper construction of the claimed design encompasses its visual appearance as a whole, which is not best expressed in words. Contessa Food Prods., Inc. v. Conagra, Inc., 282 F.3d 1370, 1376 (Fed. Cir. 2002) ("[T]he scope of the claimed design encompasses 'its visual appearance as a whole,' and in particular 'the visual appearance it creates.")(quoting Durling v. Spectrum Furniture Co., 101 F.3d 100, 104-105 (Fed. Cir. 1996)). Nevertheless, the scope of a design patent claim is a question of law to be determined by the Court, and therefore, does not create issues of material fact. Bernhardt, L.L.C. v. Collezione Europa USA, Inc., 386 F.3d 1371, 1376 (Fed. Cir. 2004).

Further, Reebok dispute ¶ 21 of Wal-Mart's Statement as not material. "The tests for determining the validity of a design patent issued pursuant to 35 U.S.C. § 171 are identical to those tests currently espoused by [the Federal Circuit] for determining the validity of a utility patent issued pursuant to 35 U.S.C. § 101." Bernhardt, 386 F.3d at 1377-1378 (quoting Litton, 728 F.2d at 1440). This means that the prior art reference must be "identical in all material

respects" to the claimed invention. Door-Master, 256 F.3d at 1308 (quoting Hupp v. Siroflex of Am., Inc., 122 F.3d 1456, 1461 (Fed. Cir. 1997)).[1] The HYPNO skate is not identical in all material aspects to the Reebok patent. The HYPNO skate does not teach each and every feature of the claimed design and does not provide the same overall appearance as the claimed design. In light of the differences between the design of the Reebok patent and the HYPNO skate, a reasonable jury could not conclude that Wal-Mart has met its burden of showing anticipation by clear and convincing evidence.

Respectfully submitted,

REEBOK INTERNATIONAL LTD.

By its attorneys,

   /s/ David K.S. Cornwell
Shepard Davidson (BBO#557082)
sdavidson@burnslev.com
Victoria L. Walton (BBO#650999)
vwalton@burnslev.com
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000
Facsimile: 617-345-3299

David K.S. Cornwell (*pro hac vice*)
Donald R. Banowit (*pro hac vice*)
Rae Lynn P. Guest (*pro hac vice*)

STERNE KESSLER GOLDSTEIN & FOX, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: 202-371-2600
Facsimile: 202-371-2540

Dated: June 9, 2005

408613_1.DOC

---

[1] The Federal Circuit has noted that "that which infringes, if later, would anticipate, if earlier." See Door-Master, 256 F.3d at 1308. Under this tenet, the Federal Circuit has held that the proper analysis of invalidity of a design patent, like the analysis of infringement of a design patent, must "discuss or explain whether [the prior art designs] were substantially similar in appearance in the eyes of an ordinary observer to the claimed design or appropriated the points of novelty of the patented design." Bernhardt, 386 F.3d at 1378.