Irving H. Picard (BBO # 398820)
Peter T. Cobrin (pro hac vice)
Clyde A. Shuman (pro hac vice)
pcobrin@gibbonslaw.com
GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 649-4700 ph
(212) 333-5980 fax

*ATTORNEYS FOR DEFENDANT,
WAL-MART STORES, INC.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| REEBOK INTERNATIONAL, LTD., <br><br>                                 Plaintiff,<br><br>   v.<br><br>WAL-MART STORES, INC.,<br><br>                                 Defendant. | Civil Action No. 04-12668 (RGS)(RBC)<br>Hon. Richard G. Stearns, U.S.D.J. |

**WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTIONS TO STRIKE DECLARATIONS AND EXHIBITS SUBMITTED BY REEBOK IN OPPOSITION TO WAL-MART'S CROSS MOTIONS FOR SUMMARY JUDGMENT OF PATENT INVALIDITY AND NON-INFRINGEMENT AND FOR LEAVE TO REPLY TO THE OPPOSITION**

#102721 v4
105210-52957

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") moves to strike certain declarations and exhibits submitted by plaintiff Reebok International, Ltd. ("Reebok") in opposition to Wal-Mart's motion for summary judgment of patent invalidity and non-infringement. Wal-Mart also seeks leave to submit this memorandum as and for its reply to Reebok's opposition.[1] The basis for seeking leave is that the reply responds to exhibits and new arguments Reebok submits which should be stricken as inadmissible evidence or otherwise responded to. See Fed. R. Civ. P. 56(e).

## I.   PRELIMINARY STATEMENT

In opposition to Wal-Mart's cross motions for summary judgment of patent invalidity and non-infringement, Reebok proffers various declarations, exhibits, and figures which are not evidence in an admissible form and therefore should not be considered by this Court.

First, the '127 patent has a single claim drawn to figures 1 and 2 of that patent. Yet, by the declaration of attorney David Cornwell, Reebok submits figure 7 of a utility patent application as evidence of what the claim of the '127 patent, a design patent, covers. Mr. Cornwell also submits as an exhibit a color photograph of figure 7 of the utility patent. Both exhibits are irrelevant to the claim of the '127 patent which is limited to figures 1 and 2. The design features of figures to a utility patent that are not expressly included in a design patent application are not part of a design patent case. What is claimed in the '127 patent is figures 1 and 2 thereof. Accordingly, figure 7 of a utility patent is not admissible as evidence of what the claim of the '127 patent covers.

In another desperate attempt to avoid its own patent, throughout its opposition, Reebok only shows a portion of figure 1 of the '127 patent so that this Court is not provided with the perspective of the angled side view of the true figure shown in the patent itself. Of course, that angled side view only shows curvature of the ridges in the front, middle and rear of the mid-sole and does not show any height variation in the ridges, whatsoever. While failing to provide this

---

[1]   All defined terms used but not otherwise defined herein shall have the meaning ascribed to them in the previous submissions supporting the cross motions for summary judgment.

#102721 v4
105210-52957

Court with the full figure of its claim, Reebok argues its figure shows height variation of the ridges.

Next, Mr. Cornwell submits, as a purportedly relevant exhibit, a U.S. Patent and Trademark Office "Guide for Preparation of Patent Drawings" dated June 2002 (the "guide"). However, the guide in no way whatsoever supports the proposition that Reebok attempts to create with regard to hash marks. The guide, if anything, shows that hash marks -- whether evenly or unevenly spaced -- indicate curvature. In any event, the guide is inadmissible hearsay; there is no adequate support for that guide's being an authority or a learned treatise. See Fed. R. Evid. 803(18). Accordingly the guide is not admissible under a hearsay exception. Fed. R. Evid. 803, 804.

Mr. Cornwell also submits a book entitled "How to Make Patent Drawings Yourself" by Lo and Pressman (the "Lo and Pressman Book"). The Lo and Pressman book is hearsay and, like the guide, in no way stands for the proposition urged by Reebok. That is, the Lo and Pressman book never states that evenly spaced hash marks denote a flat surface but, rather, shows a number of figures where evenly spaced hash marks indicate a curved surface. And, like the guide, the Lo and Pressman book is inadmissible hearsay. Mr. Cornwell is not able to comment on whether the book is a learned treatise, and provides no basis for the book to be considered an authority. Fed. R. Evid. 803. The book is hearsay and should not be considered on a motion for summary judgment. Fed. R. Civ. P. 56(e).

Again and again, throughout its opposition, Reebok presents cherrypicked portions of figures from the '127 patent, the guide and/or the Lo and Pressman book and then impermissibly alters the figures by adding graphics to support its own arguments. This deceptive presentation must be rejected. There is no admissible authority that states that only uneven spacing of hash marks shows curvature. Any review of figure 1 of the '127 patent, in the angled side view provided, shows rounding or curvature of the ridges at the front, rear, and middle of the mid-sole.

Additionally, Reebok fails to acknowledge or respond to the fact that the ridges of the '127 patent are curved or bowed in the center. Clearly, with the hash marks and the bowing, a concave curvature of the ridges, in the center of the mid-sole was provided in the '127 patent. Wal-Mart's product has no such concave curvature.

Reebok further argues that the ridges only protrude from each other in the portion of the mid-sole that was shown. (Reebok memorandum ["RM"] at 10). Clearly, the portion shown was to be the entire mid-sole but, in any event, the portion shown includes the rear of the mid-sole. Reebok admits that the portion shown includes the rear as it argues that an important feature of the '127 patent is curvature and height variation in the rear of the mid-sole. (*Id*.) Thus, Wal-Mart's product, which does not have one ridge protruding further than the other in the rear of the mid-sole, is missing an element of the claimed invention, and cannot infringe the '127 patent.

## II.    ARGUMENT

### A.    Point I: Exhibits Submitted by Reebok in its Opposition are Inadmissible.

A design patent's claim is directed to the figures provided in the patent. See, *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995); *In re Mann*, 861 F.2d 581, 582 (Fed. Cir. 1988). The claim of the '127 patent relates to figures 1 and 2 of the '127 patent. Figures of a utility patent that are not included in the '127 patent have nothing to do with the claim of the '127 patent and should not even been considered with respect to the '127 patent. See, e.g., *E-Z Bowz, L.L.C. v. Professional Product Research Co., Inc.*, 2003 WL 22068573 (S.D.N.Y., Sept. 05, 2003) (court may consider drawings from earlier utility application in connection with later design patent only where the drawings in the utility application and design patent are substantially identical), citing *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1565 (Fed. Cir. 1991). Therefore, Exhibits I and J of the Cornwell declaration, which are photos from the '541 utility application that were ***not*** included in the '127 patent, should be stricken.

Exhibits K and L of the Cornwell declaration are two books -- the guide and the Lo and Pressman book. The guide and the Lo and Pressman book never state the proposition for which Reebok proffers them. That is, throughout its memorandum, Reebok cherrypicks figures from these books and then adds language such as "spacing of hash marks show curvature," or "evenly spaced hash lines representative of flat surface" as if that language was part of the figure of these books. It is not. In fact, evenly spaced hash marks depict curvature on numerous figures throughout the guide and the Lo and Pressman book.[2]   In any event, both submissions are pure hearsay. There is no assertion or evidence by Mr. Cornwell or elsewhere that either the guide or the Lo and Pressman book is an authority, is used by the relevant industry as an authority, or is a learned treatise. See Fed. R. Evid. 803(18). The submissions are hearsay and would not be admissible at trial and, therefore, should not be considered on a motion for summary judgment. Fed. R. Civ. P. 56(e).

In opposing a motion for summary judgment, a party must come forward with evidence in a form admissible at trial. Fed. R. Civ. P. 56(e). Without evidence in admissible form, the statement proffered by the proponent cannot give rise to a genuine issue of fact. See, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-8 (1986) (genuine issue of material fact is one affecting the outcome of the litigation ***that is supported by admissible evidence*** sufficient for a reasonable factfinder to find in favor of the non-movant).

      **B.**     **Point II - The Claim of the '127 Patent Includes Curvature in the Center of the Mid-Sole, which Fact has not been Rebutted by Evidence which would be Admissible at Trial**

Given Reebok's argument that hash marks denoted curvature, figure 1 of the '127 patent clearly shows hash marks in the center of the mid-sole. An expert, Thomas Sindle, in support of the cross-motion for summary judgment of non-infringement and invalidity, stated that the hash

---

[2] See guide at A4-31, A4-27, A4-35, A-43. Figures 1 and 2 on A4-35 have precise evenly spaced hash marks at every curvature in the figure. See also 7/8, 7/9, 7/18 of the Lo and Pressman book where evenly spaced lines are provided specifically at the points of curvature.

4

#102721 v4
105210-52957

marks in the center of the mid-sole of figure 1 and the bowing or slight curvature of the outlines of the ridges at the center, indicated a concave curvature in the center of the mid-sole. This material statement of fact has not been rebutted by Reebok.

Through hearsay, Reebok attempts to argue that the hash marks in the center of the mid-sole of figure 1 are evenly spaced and therefore denote a flat surface. But the hearsay relied upon, the guide and the Lo and Pressman book, do not stand for that proposition. Rather, figure after figure of the hearsay evidence show evenly spaced hash marks depicting curvature.[3] Moreover, the hash marks in the center of the mid-sole of Figure 1 are not evenly spaced. In any event, it was incumbent upon Reebok to come forward with evidence, in a form admissible at trial, to counter the material facts proffered by Wal-Mart. Fed. R. Civ. P. 56(e). Again, the guide and the Lo and Pressman book are not shown to be learned treatises or an authority and do not support the proposition urged by Reebok. Fed. R. Evid. 803(18).

> C.   **Point III - Reebok Invents New Law in Stating that Infringement only Requires that the Allegedly Infringing Product Have Some of the Claim Elements While Anticipation Requires That the Prior Art Have Each and Every Claim Element.**

Reebok argues that Wal-Mart infringes even if its Oxide shoes have only some of the claim elements. (RM at 10-11) However, for anticipation, Reebok contends that the Chinese reference and/or the '038 patent must show each and every element claimed. (*Id*. at 13-14). Reebok simply cannot have it both ways. The law is clear that the tests for design patent infringement and anticipation both turn on whether the accused design/prior art is substantially similar in appearance in the eyes of an ordinary observer to the claimed design or appropriates the points of novelty of the claimed design. *Bernhardt, L.L.C. v. Collezione Europa USA, Inc.*, 386 F.3d 1371, 1378 (Fed. Cir. 2004).

---

[3]   See guide at A4-31, A4-27, A4-35, A-43. Figures 1 and 2 on A4-35 have precise evenly spaced hash marks at every curvature in the figure. See also 7/8, 7/9, 7/18 of the Lo and Pressman book where evenly spaced lines are provided specifically at the points of curvature.

Claim 1 of the '127 patent, as depicted in the figures 1 and 2 and as admitted by Reebok, contains various features. First, and foremost, the missing element -- the concave curvature at the center of the mid-sole -- is a feature of the claimed design. Reebok has not been able to counter this fact because it is unable to explain the bowing of the ridges at the center or the presence of the hash marks in figure 1. Nor can Reebok rely on the hearsay guide and Lo and Pressman book, which are not evidence in admissible form and do not stand for the proposition that evenly spaced hash marks are a flat surface.[4] As an aside, the hash marks in the center of the mid-sole are not evenly spaced in Figure 1. Moreover, the bowing of the ridges in the center indicates a concave curvature. Reebok did not dispute the bowing whatsoever.

Wal-Mart's accused product does not have the concave curvature in the center, and thus cannot infringe the '127 patent.

Reebok admits the '127 patent requires one ridge to extend further than the other. (RM at 10). However, Reebok urges that the feature is required for only a portion of the mid-sole. Yet, figure 1 of the '127 patent shows that one ridge protrudes further than the other ridge in the rear of the mid-sole. In Wal-Mart's accused product, the rear of the mid-sole is coplanar as the heel rises. Again, the Oxide shoe lacks a feature of the claimed design and does not infringe.

Reebok continues to argue, showing only a portion of figure 1 of the '127 patent, that the claimed design includes the ridges having increase in height at the rear of the mid-sole. (RM at 10-11). Yet, figure 1 does not depict any height change; the angled side view only shows curvature. If, as Reebok urges, there is an increase in height, there would be an increase in height both in the front and the rear of the mid-sole. The Oxide shoe has no such increase in height. In fact, the Oxide shoe increases in height in the center and there is no increase in height at the front or rear in contrast to the center. Thus, this increase in height is not a feature of the '127 patent, and, even it were, the Oxide show does not have that feature. There is no infringement.

---

[4]    See guide at A4-31, A4-27, A4-35, A-43. Figures 1 and 2 on A4-35 have precise evenly spaced hash marks at every curvature in the figure. See also 7/8, 7/9, 7/18 of the Lo and Pressman book where evenly spaced lines are provided specifically at the points of curvature.

#102721 v4
105210-52957

   D.     Point IV - The '038 Patent And The Chinese Reference Are Anticipatory

To swear back of an invalidating reference under 35 U.S.C. § 102(a), one must provide admissible evidence which is corroborated. See, e.g., *Mahurkar v. C.R. Bard, Inc,*, 79 F.3d 1572, 1578-9 (Fed. Cir. 1996); *Markman v. Lehman*, 987 F.Supp. 25, 30 (D.D.C. 1997). The declaration of Robert Rich, submitted by Reebok, provides as Exhibit A a photograph of a Reebok shoe which ostensibly was the subject of performance testing beginning on July 17, 2002. The photograph is not admissible. Mr. Rich's statement, provided without corroboration, is insufficient to swear back of the Chinese reference. *Mahurkar*, 79 F.3d at 1578-9; *Markman*, 987 F.Supp. at 30. Likewise, the submissions of the Chinese reference also are inadmissible as the submission of an attorney completely unqualified to make the necessary factual statement with regard to the HYPNO product.

In any event, the HYPNO product does show ridges with one ridge extending further than the other. The ridges are curved in the front and rear of the mid-sole and increase in height in the rear of the mid-sole. The HYPNO product has each of the points of novelty of the '127 patent and predates the '127 patent. The '127 patent is invalid as anticipated.

Reebok's assertion that an accused product need only have some of the claimed features to infringe, while prior art must have precisely every feature of the '127 patent to be anticipatory, is blatantly inaccurate. (RM at 10-11, 13-14; *Bernhardt*, 386 F.3d at 1378). The '038 patent has the features of one ridge extending further than the other ridge, the ridges being far greater in length than in width, and curvature of the ridge in the rear. The lack of curvature in the front is a very minor feature.

On the one hand, Reebok urges that the Oxide shoe infringes even though it doesn't have the important elements of curvature in the center, increasing height at the rear or at the front, or one ridge protruding further than the other throughout the portion of the mid-sole provided which includes the rear. On the other hand, Reebok argues that curvature at the front of the mid-sole,

hardly depicted in the '127 patent, is such an essential feature that the '038 patent is not an anticipation. Yet, the '038 patent has every other feature of the '127 patent and any review of figure 1 of the '127 patent shows that any rounding in the front of the mid-sole is minor at best. Accordingly, the '038 patent includes every point of novelty of the claimed design of the '127 patent, and therefore anticipates it.

### III.    CONCLUSION

Reebok has failed to come forward with evidence in admissible form to rebut the genuine material facts provided in the cross motions for summary judgment of non-infringement and invalidity. Therefore, those cross motions must be granted.

Respectfully submitted,

Dated: June 22, 2005

GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.

By:  /s/ Peter T. Cobrin
Irving H. Picard (BBO # 398820)
Peter T. Cobrin (pro hac vice)
Clyde A. Shuman (pro hac vice)
pcobrin@gibbonslaw.com
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 649-4700 ph
(212) 333-5980 fax

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically in compliance with Local Civil Rule 5.2. As such, a copy of this WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTIONS TO STRIKE DECLARATIONS AND EXHIBITS SUBMITTED BY REEBOK IN OPPOSITION TO WAL-MART'S CROSS MOTIONS FOR SUMMARY JUDGMENT OF PATENT INVALIDITY AND NON-INFRINGEMENT AND FOR LEAVE TO REPLY TO THE OPPOSITION was served electronically upon the following counsel of record for Plaintiff Reebok International, Ltd.:

>Victoria L. Walton (BBO #650999)
>BURNS & LEVINSON LLP
>125 Summer Street
>Boston, Massachusetts 02110-1624
>(617) 345-3000
>(617) 345-3299 facsimile
>vwalton@burnslev.com
>
>Donald R. Banowit (pro hac vice)
>STERNE KESSLER GOLDSTEIN & FOX, P.L.L.C.
>1100 New York Avenue, N.W.
>Washington, D.C. 20005
>(202) 371-2600
>(202) 371-2540 facsimile
>dbanowit@skgf.com

        /s/ Peter T. Cobrin
        Peter T. Cobrin (pro hac vice)

#102721 v4
105210-52957