UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REEBOK INTERNATIONAL LTD.,<br><br>                Plaintiff,<br>    v.<br><br>WAL-MART STORES, INC.,<br><br>                Defendant. | Civil Action No. 04-12668 (RGS) (RBC)<br>Honorable Richard G. Stearns |

PLAINTIFF REEBOK'S EXPEDITED MOTION
FOR CLARIFICATION OF THE SCOPE OF PERMITTED DISCOVERY

      Because Reebok International Ltd. ("Reebok") and Wal-Mart, Inc. ("Wal-Mart") have been unable to resolve an important discovery dispute and this case is scheduled for trial on November 7, 2005, Reebok hereby moves this Court to issue an Order on an expedited basis indicating that the discovery at issue in this Motion is relevant and should be provided.  (A Proposed Order is attached hereto as Exhibit 1.)  In support of this Motion, Reebok relies on the Memorandum of Law filed herewith and states the following:

      1.      Reebok has charged Wal-Mart with willful infringement of Reebok's U.S. Patent No. Des. 495,127 to Marvin et al. ("the Reebok patent").  Pursuant to the Court's August 5, 2005 Order, the issue of infringement is to be tried on November 7, 2005.

      2.      At the request of Wal-Mart, the Court also agreed to consider the issue of validity at trial, and counsel for Wal-Mart indicated that Wal-Mart intends to provide testimony as to obviousness at trial to support its defense of invalidity.  Consequently, Reebok will be entitled to present objective evidence of nonobviousness, which may include commercial success and

copying by others. For at least this reason, Reebok should be given an opportunity to take discovery on these issues.[1]

3. On August 29, 2005, Reebok served a third party 30(b)(6) subpoena on Leif Ostberg, Inc. ("LJO"), requesting documents and things relating to the design and manufacture of the accused products, the sale of the accused products to Wal-Mart and others, as well as the indemnification agreement between LJO and Wal-Mart. A copy of the subpoena is attached to the accompanying Memorandum as Exhibit A. Such discovery plainly is relevant because it is likely to lead to admissible evidence on at least the issues of commercial success and copying.

4. Additionally, much of the discovery sought by Reebok of LJO is also relevant to the issue of whether Wal-Mart's infringement of the Reebok patent was willful. By Defendant's admission, LJO is indemnifying Wal-Mart in this action. LJO's responses to Reebok's discovery requests may lead to admissible evidence on the issue of willfulness.[2]

5. Wal-Mart's attorneys agreed to accept service of the LJO subpoena on behalf of LJO and have indicated that they intend to defend LJO in this matter.

6. While counsel for Wal-Mart initially indicated that they were going to move to quash the subpoena of LJO, they did not do so and only later chose to serve written objections to the subpoena, claiming that each request is "not reasonably calculated to lead to the discovery of admissible evidence." (*See* Exhibit B of the accompanying Memorandum). Further, to date, Wal-Mart's counsel has not identified which individuals at LJO are most qualified to testify as to the matters requested of Reebok and has not agreed to produce anyone for deposition in response to Reebok's subpoena. The parties have been unable to resolve this dispute.

---

[1]   This Court's August 5, 2005 Order places no restrictions on the scope of discovery.
[2]   While not specifically addressed by the Court's August 5, 2005 Order, the issue of willfulness is so intertwined with the issues of infringement and validity that a separate trial on the issue of willfulness is unwarranted.

7. Similar discovery has been sought from Wal-Mart (see Exhibit C of the accompanying Memorandum), to which Wal-Mart has not yet responded.[3] Considering that the same counsel represent both LJO and Wal-Mart in this matter, Reebok reasonably anticipates that it will receive similar written objections to its discovery requests of Wal-Mart.

8. The November 7, 2005 trial date is drawing near. Reebok's need for relief is therefore urgent. An Order from this Court regarding the relevance of Reebok's requested discovery will greatly expedite the discovery process. An Order from this Court will provide clarity to the parties regarding the scope of permitted discovery prior to the November 7, 2005 trial and, if necessary, will allow Reebok to bring a Motion in the U.S. District Court for the District of New Jersey to compel LJO to respond to Reebok's subpoena and/or a separate Motion in this Court to compel Wal-Mart to respond to Reebok's discovery requests.

WHEREFORE, Reebok respectfully requests that the Court:

a. Schedule this Motion for a hearing at the Court's earliest convenience;

b. Allow this Motion;

c. Endorse the Proposed Order attached hereto As Exhibit 1; and

d. Grant such other and further relief that this Court deems just and proper.

//
//

---

[3] Wal-Mart's formal response to this discovery is not due until September 22, 2005.

Respectfully submitted,

REEBOK INTERNATIONAL LTD.
By its attorneys,

_____
Shepard Davidson (BBO#557082)
sdavidson@burnslev.com
Victoria L. Walton (BBO#650999)
vwalton@burnslev.com
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000
Facsimile: 617-345-3299

David K.S. Cornwell (*pro hac vice*)
Donald R. Banowit (*pro hac vice*)
Rae Lynn P. Guest (*pro hac vice*)

STERNE KESSLER GOLDSTEIN & FOX, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: 202-371-2600
Facsimile: 202-371-2540

Dated: 9/21/05

442772_3.DOC

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1, LOCAL RULE 37.1 and FRCP RULE 37

Pursuant to Local Rule 7.1, Local Rule 37.1 and Rule 37 of the Federal Rules of Civil Procedure, I hereby certify that I have conferred with counsel for Defendants both orally and in writing in a good faith effort to narrow areas of dispute related to this Motion and in an effort to secure the discovery sought by this Motion without court action.

The parties' attorneys have exchanged many letters and held a number of teleconferences regarding the permitted scope of discovery. *See e.g.* Exhibits D, E and G attached to the accompanying Memorandum. As a result of these discussions, it is evident that there is a fundamental disagreement as to the permitted scope of discovery, namely (1) the relevance of Reebok's requested discovery as it relates to activities that occurred prior to the issuance of the Reebok patent, and (2) whether the issue of willfulness is to be tried along with the issues of infringement and validity during the November 7, 2005 trial.

4

On September 20, 2005 the undersigned attorney and David K.S. Cornwell for Reebok met-and-conferred with defendant's attorneys Peter T. Cobrin and David W. Denenberg regarding the present motion. The parties were unable to reach agreement.

_____
Donald R. Banowit